NEW-YORK SPECIAL TERM, November, 1847. *Edmonds*, Justice.

HARRINGTON *vs.* THE AMERICAN LIFE INSURANCE AND TRUST COMPANY.

It is irregular for the plaintiff to file an injunction bond, unless its execution has been duly proved or acknowledged.

After the court of chancery has dissolved an injunction issued upon a bill filed in that court, it is irregular for the plaintiff to dismiss his bill, and on a new bill, substantially the same as the former, filed in this court, apply to a judge thereof, at chambers, for a new injunction.

If there are grounds to justify the issuing of a new injunction upon the second bill, in such a case, the plaintiff should apply to this court for a temporary injunction, and for an order that the defendant show cause why it should not be continued till the hearing.

IN EQUITY. The plaintiff filed his bill in the late court of chancery, before the vice chancellor of the eighth circuit, to set aside two mortgages, as void on the ground of usury, and because given in violation of our restraining law. And he obtained an injunction, ex parte, to stay a statute foreclosure of them. It appeared that the premises were worth $110,000, and the amount due on the mortgages, for principal and interest, was $103,000 ; that the plaintiff was in possession or enjoying the rents and profits of the mortgaged premises, and that he had omitted for several years to pay any interest on the mortgages.

On this state of things the vice chancellor, on a motion to dissolve the injunction, ordered that it should be dissolved unless the plaintiff, within thirty days, gave the usual injunction bond, in the penalty of $40,000, with sufficient sureties. This was in June, 1847, shortly before the new constitution went into effect. The plaintiff did not give the bond required, but after the first Monday of July, discontinued that suit and filed a new bill in this court, seeking the same relief, and containing substantially the same averments. On an ex parte application to one of the judges of this court, he obtained the

allowance of an injunction in this court, on filing his own bond in the penalty of $500; without disclosing to the judge the prior proceedings.

*D. Lord, Jun.* for the defendants, now moved to dissolve the injunction, for irregularity. 1. Because the execution of the bond had not been proved or acknowledged. 2. Because the second injunction was in violation of the statute, prohibiting a second injunction, in certain cases, after the denial of a former one.

*E. Norton,* for the plaintiff.

EDMONDS, J. There are two reasons why the injunction in this suit should be dissolved.

One is, that the execution of the injunction bond was not proved or acknowledged. On that alone, I might not dissolve the injunction, if the plaintiff should remedy the defect; because the bond was given at a time, (17th July last,) when it was unknown and uncertain what the rules of the court were, or would be, in this respect. But the other reason is one growing out of the statute; which the court has no right to disregard. (2 *R. S.* 173, § 32.) The court of chancery, in *Cummings* v. *Bennett*, (8 *Paige*, 79,) gave a construction to this statute, wise in itself and authoritative with this court. The statute having prohibited a second ex parte application to an officer out of court, after the chancellor or vice chancellor having jurisdiction has refused an injunction, it would be a palpable evasion of the spirit and intention of this statutory provision to permit such an ex parte application on a new bill. Much more would it be an evasion, if after the court of chancery had, upon argument, dissolved the injunction, the plaintiff should dismiss his bill, and on a new one substantially the same, apply to another officer, ex parte, for a new injunction.

In this case, as in that in 8 *Paige*, if the plaintiff had any grounds to justify the issuing a new writ, upon a new bill, he should have applied to the court; and then if the necessity of

the case justified it, the court might have granted a temporary injunction, and an order to show cause why it should not be continued, so that both parties might be heard.

. The new bill filed in this case, is, so far as the injunction is concerned, substantially the same as the former bill. The new averments added, do not materially affect that question. On the former bill, the court of chancery, after hearing both parties, dissolved the injunction. For a judge, ex parte, on such new bill now to allow an injunction, would be virtually reversing the decision of that court; and that no judge would take it upon himself to do. Nor is it probable that the former proceedings of that court were disclosed to the judge who allowed this injunction; for if they had been, it is not at all likely that an injunction would have been granted; at least, in such a manner as this, virtually out of court, and on an ex parte application, to reverse the decision of the court of chancery.

The obtaining the injunction then, in this case, was like the case in 8 *Paige,* an evasion of the statute, and the writ must be set aside as irregular. But the amount in controversy is large, the questions involved are of a grave character, which the plaintiff is well justified in presenting to the court; the injury which he has already sustained, if the mortgages should be enforced, are considerable, and the consequences of an immediate dissolution of the injunction might be very disastrous. On the other hand, the plaintiff is in possession of the mortgaged premises, and no interest has been paid for several years on the mortgages; by means whereof the amount claimed to be due on them has swelled up from $65,000 to about $103,000, nearly the value of the premises. And while the litigation is going on, the mortgagor is receiving the rents and profits, and the amount of the mortgages may, before it terminates, exceed the value. It may, therefore, be proper to allow an injunction restraining the statute foreclosure of the mortgages, until the termination of this suit, upon a proper bond protecting the holders of the mortgages against the hazard of loss from this cause. The case, however, is not now before me so that I can determine that question. The plaintiff may desire to bring it

---

before the court, and the nature of the questions involved forbids that he should be deprived of the opportunity.

The order that will be entered will, therefore, be that the injunction be dissolved at the expiration of thirty days from the service of the order, with leave to the plaintiff to move the court on a proper case, for an injunction, &c. The plaintiff to pay the costs of this motion, to be taxed.

