CUMMINS vs. S. W. & B. D. BENNETT.

Where an injunction has been refused, or has been dissolved by the court, it is irregular to apply to an injunction master, or to a vice chancellor acting as an injunction master, for a new injunction, upon a new bill containing the same grounds for the injunction; and if such injunction is granted, it will be set aside with costs, as a violation of the statute on the subject of injunctions.

It is a matter of course to permit the complainant to dismiss his bill at any time before decree, upon payment of costs. But an order for leave to dismiss, upon payment of costs, is conditional; and the suit is not absolutely discontinued, so as to authorize the complainant to file a new bill, until he has paid or tendered the costs of the first suit.

Where the complainant, after having obtained an order to dismiss, upon payment of costs, neglects or refuses to pay such costs, the defendant may apply to the court to compel payment; or if such costs are not paid after being taxed and duly demanded, the defendant may consider the cause as still in court, and may plead the pendency thereof in abatement of a suit subsequently commenced for the same cause.

THIS was an application to dismiss the complainant's bill, January, 7. with costs, or for such other order in the premises as might be proper upon the facts of the case. The complainant had filed a bill for the same cause of action and obtained an injunction; which injunction, upon the coming in of the answer of the defendants, was dissolved by the order

*1840.*

Cummins
v.
Bennett.

of the chancellor. The complainant thereupon entered a common order to dismiss his bill ; and without paying or offering to pay the costs of the defendants in that suit, immediately filed the bill in this cause, and obtained another injunction ex parte, upon the certificate of an officer authorized to allow injunctions out of court.

*M. T. Reynolds,* for the complainant.

*H. P. Edwards,* for the defendants.

THE CHANCELLOR. The injunction issued in this case was clearly irregular and unauthorized ; without reference to the question whether the first suit for the same cause of action was or was not regularly discontinued before the filing of the second bill. The thirty-second section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 173,) expressly prohibits a second application to an injunction master for an injunctinn, or a writ of *ne exeat,* after the order for an injunction or *ne exeat* has been refused in whole or in part, or has been granted conditionally, upon a previous application to the chancellor or vice chancellor, or to another injunction master. And in the case of *Bedell* v. *Wright and others,* on the 20th of August, 1839, this court decided that this statutory prohibition extended to a second application made to a vice chancellor, acting as an injunction master, although such application was founded upon a new bill, if the grounds of the application were substantially the same. The statute having prohibited a second ex parte application to an officer out of court, after the chancellor or vice chancellor having jurisdiction of the case has refused to grant the injunction, or *ne exeat,* it would be a palpable evasion of the spirit and intent of this statutory provision to permit such an ex parte application to be made, upon a new bill ; after the chancellor or vice chancellor before whom the previous suit was commenced, had dissolved the injunction, or *ne exeat,* without reserving to the complainant the right

1840.

Cummins
v.
Bennett.

to apply to an injunction master or a vice chancellor out of court for an order for another writ, founded upon such new bill. In the present case, the injunction was dissolved by the court, upon the hearing of both parties upon bill and answer. And if the complainant had any grounds to justify the issuing of a new writ, he should have discontinued the first suit and paid the costs, and then have applied to the court, before which the second bill was filed, for such new injunction. Upon such an application, if the necessity of the case required it, the court might have granted an order to show cause, and a temporary injunction in the meantime, until both parties could be heard upon the application. The injunction in the present case being irregular, and contrary to the spirit of the statute on the subject, must be set aside for such irregularity, with costs.

It is a matter of course, to permit a complainant to dismiss his bill at any time, before an interlocutory or final decree has been made in the cause, upon payment of costs. (2 *John. Ch. Rep.* 478. 1 *Ves. jun.* 401.) And in the case of *Carrington* v. *Holly*, (1 *Dick. Rep.* 280,) where a feigned issue was awarded, but had not been tried, Lord Hardwicke allowed the complainant to dismiss his bill upon the usual terms. But the complainant cannot discontinue his suit in any case, except upon a special order of the court, after due notice of the application to the adverse party who has appeared in the cause; unless it be upon the terms of paying the costs which have accrued therein. An ex parte order to dismiss upon payment of costs is therefore always conditional. And the suit is not absolutely out of court, so as to authorize the complainant to file a new bill, until he has paid, or at least tendered or offered to pay, the costs to the adverse party. Where the complainant, therefore, obtains the usual order to dismiss his bill upon payment of costs, the defendant may apply to the court to enforce the payment of such costs, according to the implied agreement to that effect contained in the order ; or if the costs are not paid after a demand thereof from the complainant or his solicitor, he may consider the suit as still in court, and may

1840.

Cummins
v.
Bennett.

plead the pendency thereof as in abatement of a subsequent suit which has been commenced for the same matter. Or he may apply to the court to stay all proceedings in the second suit until the costs in such first suit are paid. (*Kerr* v. *Davis*, 7 *Paige's Rep.* 53.) According to the anonymous case in Mosely, Lord Chancellor King supposed that an application might be made to the court, upon motion, for a reference to see whether two suits were pending for the same cause. (*Mose. Rep.* 268.) But in the subsequent case of *Murray* v. *Shadwell*, (17 *Ves.* 353,) Lord Eldon considered the practice to be otherwise; and that the regular way to take advantage of the pendency of a previous suit for the same cause was by plea. And such now appears to be the settled practice in England; except in the case of suits brought by infants, and suits by creditors after a decree has been made in a former suit by another creditor for the benefit of all. (2 *Daniel's Ch. Rep.* 146.)

An absolute order to dismiss the bill in the present case for irregularity cannot be made. But as the complainant has obtained an order to dismiss the bill in the previous suit upon payment of costs, and has neglected to pay those costs, the defendants are entitled to a further order in this suit, that all proceedings therein on the part of the complainant be stayed until the costs in the first suit are paid; if they elect to take such an order, under the alternative part of their notice of motion, instead of pleading the pendency of the former suit in bar.

Order accordingly.