1841.

Simpson
v.
Brewster.

</div>

## SIMPSON vs. BREWSTER.

The complainant, at any time before a decree in the cause, may dismiss his
bill upon payment of costs.

A motion that the complainant's bill be dismissed, upon payment of costs to
be taxed, or that the complainant have leave to dismiss his bill upon pay-
ment of costs, will be granted, of course, before decree, upon a proper ap-
plication for that purpose. But the suit is not at an end until the costs
are paid, or at least have been tendered or offered to be paid.

Under the usual order that the complainant's bill be dismissed, upon payment
of costs, the complainant must pay the costs if he wishes to put an end to
the suit; and he is not authorized to offset the defendant's costs against a
judgment, or other liquidated demand, in favor of the complainant, with-
out a special order of the court allowing such offset to be made.

Where the complainant obtains the usual order to dismiss his bill, upon the
payment of costs, but neglects to pay the costs after they have been
taxed and demanded, the defendant may proceed against him as for a con-
tempt, to compel the payment; or he may consider the suit as still pend-
ing, and proceed accordingly.

If a complainant files a new bill for the same cause of action, before he
has dismissed the former bill and paid the costs thereof to the defen-

dant, the pendency of the first suit may be pleaded as a bar to the commencement of the second.

Where a party to a suit makes an absolute assignment of all his interest in the costs, to his solicitor, he cannot make an application to enforce payment; but the assignee must apply in his own name.

Aug. 17. THIS was an application by the defendant to stay all proceedings, in a suit upon a creditor's bill, until the costs of a former suit, commenced before a vice chancellor for the same cause, were paid. It appeared that, upon a demurrer to the former bill, the complainant entered a common order to dismiss his bill upon payment of costs; and then sent to the defendant's solicitor a receipt for the amount of such costs, to be applied on the judgment which the complainant held against him. The defendant refused to consent to such application; and assigned the costs absolutely to his solicitors in payment for their services.

*J. H. Power,* for the complainant.

*O. L. Barbour,* for the defendant.

THE CHANCELLOR. The defendant's solicitors have mistaken the remedy in this case to procure the payment of the costs of the former suit. The complainant may unquestionably dismiss his bill at any time before decree, upon payment of costs. (2 *Daniel's Ch. Pr.* 355 ; *Bossard* v. *Lester,* 2 *M'Cord's Ch. Rep.* 419.) And the court will grant the motion as a matter of course, upon a proper application. The order in such cases is that the bill be dismissed, upon payment of the costs of the defendant to be taxed ; or that the complainant have leave to dismiss his bill, upon the payment of costs. But in neither case is the suit out of court until the costs are actually paid, or at least until they have been tendered to the defendant's solicitor. Neither can such costs be offset without the special permission of the court for that purpose. The proper remedy of the defendant, therefore, in case the complainant neglects or refuses to pay the costs after they have been taxed and demanded, is to proceed as for a con-

tempt. Or he may consider the suit as still pending and proceed accordingly. And if the complainant files a new bill for the same cause of action, without paying the costs in pursuance of the conditional order to dismiss upon payment of costs, the defendant may plead the pendency of the first suit, as a bar to the commencement of the second before the order to discontinue had become absolute, by the payment of the costs.

Again ; the defendant shows, in this case, that he has no interest in this application in its present form, as he has made an absolute assignment of the costs of the former suit to his solicitor. And it does not appear that he has guaranteed the collection thereof. The motion must, therefore, be denied ; and the defendant must be left to set up the pendency of the original suit, either by his plea or answer.