## HOWARD vs. BUGBEE.

1. A sole plaintiff in chancery may, after answer filed, but before any order or decree taken, dismiss his bill at his own costs without prejudice. (But *note*, that this is now changed by the 28th Rule of Chancery Practice, which took effect on the first day of November, 1854.—REP.)

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. J. W. LESESNE.

THE bill in this case was filed by the appellee, as a judgment creditor of one Enoch Parsons, to redeem certain lands which had been sold under a decree in chancery. After the defendant had filed an answer, but before any order or decree was taken, the bill was dismissed, on complainant's own motion, and at his cost, but without prejudice ; and this is now assigned for error.

NAT. HARRIS, for the appellant :

After answer filed, a complainant is not entitled, as a matter of right, to dismiss his bill without prejudice.—Maury v. Mason, 8 Porter 213, 236 ; 2 Danl. Ch. Prac. 1200. The cases in which bills have been dismissed without prejudice, after answer filed, show that, to entitle a party then to dismiss without prejudice, it must appear, either by the answer or the testimony, that the complainant has an equity, and is entitled to relief, but, from some defect in the bill as to par-

ties, or a variance between the allegations and proof, or an irregularity in taking the testimony, that he cannot obtain the relief to which he is entitled upon the bill as filed.—4 Porter 250 ; 3 Stew. 239 ; 1 Dan. Ch. Prac. 341, n. 2 ; 2 *ib.* 1200 ; 1 U. S. Eq. Dig., p. 288, § 569.

GEO. W. STONE, *contra :*

1. The complainant has the right, as a matter of course, to dismiss his bill at any time before final decree ; and such dismissal is without prejudice, whether so expressed or not.—2 Dan. Ch. Pr. 929 ; Cummings v. Bennett, 8 Paige 79 ; Bossard v. Lester, 2 McCord's Ch. 419.

2. There is no evidence that the defendant did not give his consent that the order of dismissal without prejudice should be entered, and the court will presume such to have been the case.

3. There is not, and cannot be, any evidence produced to this court that the appellant is injured by the order of dismissal : he is out of court ; the costs are decreed against his adversary; and those costs are paid. This court cannot presume that another suit has been, or will be, brought.

4. If the appellant has any remedy in this case, he has certainly mistaken it. Should the appellee file another bill, without first paying the costs of this suit, then the appellant can obtain an order, staying proceedings under the new bill until those costs are paid.

GOLDTHWAITE, J.—The only question in this case is, as to the right of a sole plaintiff in chancery to dismiss his bill at his own costs, and without prejudice, after answer filed, and before any order or decree is made in the cause.— In Carrington v. Holley, (1 Dick. 280,) after a feigned issue had been directed, it was held by Lord Hardwicke, that the plaintiff might dismiss his bill before trial on the payment of the costs ; and in Dixon v. Parks, 1 Ves. 402, Lord Thurlow said, that to dismiss a bill without costs was a motion of course. In Booth v. Leycester, 1 Keen 247, however, Lord Langdale, the Master of the Rolls, where the plaintiff in a cross suit obtained an order as of course to dismiss his bill, after the original and cross bill had been set down to be heard

together, said, " that he had a strong impression, at first, that a plaintiff might dismiss his own cause upon payment of the costs at any time, but on inquiring into the practice he found the rule to be otherwise ; and it was certainly quite reasonable that a plaintiff ought not to have the power of dismissing his bill, when by so doing he might prejudice the defendant ;" and the order of dismissal was held to be irregular. It is to be remarked, that no authority is cited by the Master of the Rolls in support of his opinion ; and in the case of Curtis v. Lloyd, decided two years afterwards, the case of Booth v. Leycester was repudiated by Lord Chancellor Cottingham, who decided, in effect, that a plaintiff might obtain an order dismissing his bill with costs, at any time before the cause had actually been heard, and even after it had been called on for hearing. No decree had, however, been rendered in that case ; so that it does not go further, than to decide that a bill may be dismissed at any time before a decree is made. See, also, Locke v. Nash, 2 Mad. Ch. Pr. 389, n. y ; White v. Lord Westweath, 1 Beat. 174. The best writers on Chancery Practice lay down the same rule (2 Dan. Ch. Pr. 929 ; 2 Mad. Ch. Pr. 389) ; and the ground on which it is rested by Lord Cottingham in Curtis v. Lloyd, *supra,* that the plaintiff should be in no worse situation than if he had made default, in which case the only decree that could have been rendered, would have been for want of prosecution, dismissing his bill with costs, seems to be conclusive. The rule, as we have stated, has been generally followed by the American cases (Cummings v. Bennett, 8 Paige 79 ; Bossard v. Lester, 2 McCord's Ch. 419 ; Smith v. Smith, 2 Black 232) ; and, although it may occasionally be productive of some hardship, must be regarded as the law, until it is changed by authority, as it has been in England by the 117th Order of May, 1845, which provides, " that if the plaintiff, after the cause is set down to be heard, causes the bill to be dismissed on his own application ; or, if the cause is called on to be heard in court, and the plaintiff makes default, and by reason thereof the bill is dismissed, then, and in such case, such dismissal, unless the court otherwise orders, is equivalent to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter." This rule, however, is not in force with us,

as it has been adopted since our fifty-first rule of Chancery Practice.

Judgment affirmed.

NOTE BY REPORTER.—The 28th Rule for the regulation of Chancery Practice, adopted at this term, to take effect from and after the first day of November, 1854, is a literal copy of the English Rule (117th Order of May, 1845,) above referred to. This decision, therefore, must be confined to orders of dismissal made previously to the first day of November, 1854.