ELIJAH COOK, plaintiff in error, vs. THACKER V. WALKER, et al., defendants in error.

A complainant may move to dismiss his bill, with costs, as a matter of course, at any time before a decree; and file a new bill for the same object at any subsequent time.

In Equity, from Harris Superior Court.  Decision by Judge WORRILL, at October Term, 1857.

Thacker V. Walker and others filed their bill of complaint against Elijah Cook.  At March Term, 1854, of Harris Superior Court, the case was heard on demurrer, and the demurrer overruled; to which decision counsel for Cook excepted, and the Supreme Court reversed the judgment of the Court below..

At September, 1854, the judgment of the Supreme Court was entered on the minutes of the Superior Court as the judgment of that Court.  Complainants then moved to amend their bill, which the Court refused, and ordered the bill to be dismissed.  To this decision counsel for complainants excepted, and at February Term, 1855, the Supreme Court reversed the judgment of the Superior Court; which judgment of the Supreme Court was likewise entered upon the minutes of the Superior Court as the judgment thereof.

At September Term, 1855, of the Superior Court, complainant presented his amendment, which was allowed by the Chancellor.  To this decision counsel for Cook excepted,

and the Supreme Court reversed the judgment allowing the amendment, on the ground that complainants " being neither children nor descendants of children of the marriage, are not within the scope of the marriage consideration, and that not claiming as heirs at law of the deceased party, nor being entitled so to claim,.they are, as far as any benefit was intended for them in the marriage settlement, volunteers, and the said agreement cannot be reformed at their instance."

At October Term, 1857, of the Superior Court, complainants moved to dismiss their bill *without prejudice,* which motion defendants resisted. The Court granted *the motion,* dismissing the bill without prejudice, and counsel for Cook excepted.

JONES & JONES ; and RAMSAY, for plaintiff in error.

WM. DOUGHERTY, for defendants in error.

Judge BENNING, having been of counsel in this case, did not preside.

*By the Court.*—McDONALD J. delivering the opinion.

The only question in this case is upon the judgment of the Court below granting the motion to complainants to dismiss their bill without prejudice.

Under former decisions of this Court in this cause, which have each been made the judgments of the Court below, the bill was still in Court, and the complainant had the unquestionable right to move to dismiss it. The judgment of the Court below on the demurrer to this bill, ordering it to be sustained, was reversed by this Court, that the complainant might be allowed to amend his bill. The judgment of reversal annulled the judgment on the demurrer and retained the bill in Court. The subsequent refusal of the amendment did not, of itself, reinstate judgment on the demurrer and carry the bill out of Court. There must have been an order or de-

cree of the Court. It does not appear that there was either. A plaintiff may move to dismiss his own bill, with costs, as a matter of course, at any time before a decree. 2 *Daniel's Ch. Pr.* 929. Before the orders of 1845, which are not of force here, a complainant was not prevented from filing a new bill for the same object at any subsequent time. *Ib.* 930, *side paging.*

Judgment affirmed.