BADGELY v. The JUNIATA PATON. See Case No. 7,584.

---

## Case No. 717.

BADGER et al. v. BADGER et al.

[1 Cliff. 237.][1]

Circuit Court, D. Massachusetts. May Term, 1859.

JUDGMENT—RES JUDICATA—DISMISSAL OF BILL BEFORE PUBLICATION OF TESTIMONY.

Where a cause in equity was set down for hearing, and before any of the testimony was published, the complainant moved to dismiss his bill, and, no objection being made thereto, the motion was granted, and the bill in equity dismissed without any hearing upon the merits. *Held*, that the record of the former suit and decree was no bar to the bill of complaint.

[Cited in The American Diamond Rock Boring Co. v. Sheldon, Case No. 296; Evory v. Candee, Id. 4,583; Sutherland v. Straw, 2 Fed. 284; Stevens v. The Railroads, 4 Fed. 107; Kelly v. Town of Milan, 21 Fed. 863; Brush v. Condit, 20 Fed. 826; Keller v. Stolzenbach, Id. 48; Griswold v. Bragg, 48 Fed. 520; W. U. Tel. Co. v. American Bell Tel. Co., 50 Fed. 665.]

[In equity. Bill by James W. Badger and others against Daniel B. Badger and others to recover certain alleged interests of complainants in certain real property. A demurrer to the plea was overruled. Thereafter, a replication was filed, and the hearing is now upon the sufficiency of the replication. Decree for complainant. Upon the hearing on the merits the bill was dismissed in Badger v. Badger, Case No. 718. An appeal was then taken to the supreme court, where that decree was affirmed in 2 Wall. (69 U. S.) 87. See note at end of Case No. 718.]

This was a bill in equity, wherein the complainant sought to recover certain alleged interests of the heirs of Daniel Badger, deceased, in certain parcels of real estate, which the complainant alleged were fraudulently obtained and wrongfully held by the first-named respondent, who was a co-heir with the complainant. The respondents pleaded a former suit and decree in bar of the bill of complaint, alleging that the former suit involved the same subject-matter as the present; that it was between the same parties; and that it was regularly disposed of, on the merits, by a final decree dismissing the bill with costs for the respondents. After this suit was commenced, the name of David Badger, one of the complainants, was stricken from the bill. The other complainant, instead of replying to the plea filed by the respondents, set it down for hearing under the twenty-third [thirty-third] rule. Both parties were heard upon the demurrer, and the court held the plea sufficient, under the admissions of the demurrer, that the facts therein stated were true. In giving the order, however, to enter the decree, the court also gave the complainant leave to withdraw the demurrer, and to reply to this plea in bar. That leave was granted, because the plea set forth certain matters of fact which it would be competent for the complainant to controvert by a proper replication to the plea in bar, but which were admitted by the demurrer. Availing himself of the leave granted, the complainant withdrew the demurrer, and filed a replication to the plea in bar, controverting all of the matters of fact therein set forth. The respondents set down the replication for hearing under the before-mentioned rule, and the question in the case was whether the replication was a good answer to the plea.

According to the admissions of the replication, all of the matters of complaint set forth in the bill were substantially the same as those set forth in the former suit, and the replication also admitted that the suit was between the same parties, and that the respondents made answer thereto, and that testimony was taken, but denied that publication was ever made, or that the cause ever came on for hearing, or was ever heard by the court, and alleged that before the cause was set down for hearing, and before any of the testimony taken was published, the complainant moved for leave to dismiss his bill; and no objection being made thereto, the motion was granted by the court, and it was ordered that the bill of complaint should stand dismissed. The complainant also denied that the case was ever heard and considered by the court or that the court ever pronounced any judgment or decree on the merits thereof, or that the court ever determined that the complainant had no right to the relief sought by his bill.

James B. Robb and C. W. Huntington, for complainant, cited Carrington v. Holly, 1 Dickens, 280; Dixon v. Parks, 1 Ves. Jr. 402;

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

Anonymous, Id. 140; Fidelle v. Evans, 1 Brown, Ch. 267; Knox v. Brown, 2 Brown, Ch. 186; Curtis v. Lloyd, 4 Mylne & C. 194; Sea Ins. Co. v. Day, 9 Paige, 247; Neafie v. Neafie, 7 Johns. Ch. 1; Perine v. Dunn, 4 Johns. Ch. 140; Cummins v. Bennett, 8 Paige, 79; Walden v. Bodley, 14 Pet. [39 U. S.] 156, 160; Aspden v. Nixon, 4 How. [45 U. S.] 467, 497; Conn v. Penn, 5 Wheat. [18 U. S.] 424; Bank of U. S. v. Beverley, 1 How. [42 U. S.] 134; Homer v. Brown, 16 How. [57 U. S.] 354.

E. Merwin, for respondents.

1. The final decree in the former suit was an absolute, unqualified decree, dismissing complainant's bill. It was made after the cause was at issue, and after the evidence had been taken, and order of publication passed. It is therefore conclusively presumed to have been a decree on the merits, or what is equivalent thereto, by consent or arrangement, as a settlement of the controversy. Such a decree, unless qualified as "without prejudice," or "reserving right to bring another bill," or other equivalent qualification, is conclusive as to all matters involved in that suit. 2 Daniell, Ch. Pr. 1200; Foote v. Gibbs, 1 Gray, 413; Bigelow v. Winsor, 1 Gray, 301.

2. But this case does not depend upon the effect simply of an unqualified decree dismissing the complainant's bill; for this final decree was preceded by an order of the court disallowing the complainant to dismiss his bill without prejudice. There was a specific and positive adjudication that the complainant should not be allowed to dispose of that suit so as to bring another for the same cause, and that the controversy ought to be, and must be, determined. It is well settled that a suitor, after the testimony has been taken, and the cause is ready for a hearing, has no right as of course to have his bill dismissed, so that such dismissal shall operate only as a nonsuit at law. Such leave will be granted only under proper circumstances. Pickett v. Loggon, 14 Ves. 232; Bigelow v. Winsor, 1 Gray, 299–301.

CLIFFORD, Circuit Justice. All the matters of fact affirmatively set forth in the replication, which are well pleaded and material to the issue of law raised by the demurrer, must be considered as admitted.

Conceding that rule to be correct, it then appears that, before the cause was set down for hearing, and before any of the testimony taken was published, the complainant moved to dismiss his bill, and no objection being made thereto, the motion was granted, and the bill of complaint was accordingly dismissed without any hearing whatever upon the merits. On this state of the case I am of the opinion that the replication is a good answer to the plea, and that the record of the former suit and decree is no bar to the bill of complaint. At the argument the attention of the court was specially drawn to the docket entries in the former suit, and, to prevent any further controversy upon this preliminary point, it may be well to refer to those entries. They are substantially as follows: On motion of the complainant, the time for taking testimony was extended to the 10th of May, 1858; and on the 3d of the same month the complainant moved the court further to enlarge the time for taking testimony, which motion was opposed by the respondents, and on the 10th of the same month the complainant renewed his motion, and the same was again objected to by the respondents, and thereupon it was ordered by the court, among other things, that leave be granted to the complainant to take a certain deposition; interrogatories to be filed on or before the 17th of May, in behalf of the complainant, and the deposition to be taken and returned within eighteen days from the time when the cross-interrogatories of the respondents are filed, and that publication be deferred until that time. Afterwards, on the 6th of September following, no such interrogatories or cross-interrogatories having been filed, the complainant moved the court that his bill of complaint be dismissed without prejudice, and after hearing had thereon the complainant's motion was denied by the court, and the complainant then moved that his bill of complaint be dismissed, and the court, having considered the motion, ordered and decreed accordingly, "that the bill of complaint in this cause be, and the same is, hereby dismissed with costs for the respondents." From this statement it is quite evident that the allegations of the replication are correct. No order for publication was ever passed, and there was no hearing upon the merits of the controversy. Publication was expressly postponed, to give the complainant time to take a certain deposition; and to prevent unnecessary delay in taking it, the order was made that he should file interrogatories within a given time, and that the deposition should be taken and returned within eighteen days from the time when the cross-interrogatories were filed by the respondents. Such interrogatories and cross-interrogatories were never filed, and in point of fact the deposition had not been taken at the time the complainant moved to dismiss his bill without prejudice. That motion was denied; but the complainant subsequently moved to dismiss his bill, omitting from the motion the words "without prejudice," and the order was accordingly made that the bill of complaint be dismissed with costs for the respondents. It is insisted by the respondents that the decree in the former suit dismissing the bill was final and conclusive between these parties in all matters at issue in that suit, and that the effect of the decree in that behalf is not varied or diminished by the fact that the motion to dismiss it emanated from the complainant. On the other hand, it is insisted by the re-

spondents that a decree or order dismissing a former suit, even though it was between the same parties, can only be pleaded in bar to a new bill for the same subject-matter when it appears that the dismissal was decreed or ordered after a hearing on the merits. Elementary writers usually lay down the rule in the first instance in general terms, that a decree or order of the court by which the rights of the parties have been determined, or another bill for the same cause has been dismissed, may be pleaded in bar to a new bill for the same matter. Such writers, however, generally admit that the decree or order in such cases can only be pleaded in bar where the dismission actually took place upon the hearing. 2 Daniell, Ch. Pl. & Pr. 758; Coop. Eq. Pl. 270; 2 Madd. Ch. Pr. 248; 1 Smith, Ch. Pr. 222; 1 Barb. Ch. Pr. 126. Judge Story says a decree or order dismissing a former bill for the same matter may be pleaded in bar to a new bill, if the dismission was upon the hearing, and was not in terms directed to be without prejudice. But an order of dismission is a bar only where the court has determined that the plaintiff had no title to the relief sought by his bill, and therefore an order dismissing a bill for want of prosecution is not a bar to another suit. Story, Eq. Pl. (6th Ed.) § 793, p. 700. Prior to the new orders in England, the better opinion is that the plaintiff could obtain the common order dismissing his bill with costs at any time before the cause was actually heard by the court. All the cases agree that he could do so before the cause was called on for final hearing, and in many cases it is held that he could do so afterwards, and that the decree or order of dismission could not be pleaded in bar to a new bill, provided it appeared that it was made without any determination of the merits. Take, for example, the case of Carrington v. Holly, 1 Dickens, 280, where it appears that, at the time when the cause was called on for hearing, an issue was directed by the court, but the complainant, being advised that the bill and the matter put in issue were insufficient to support his claim, applied by motion, and obtained the common order to dismiss his bill upon payment of costs. Afterwards the respondent applied to discharge the order for irregularity, upon the ground that the cause having been properly brought on to a hearing, the bill could not be dismissed except on a solemn judgment. Lord Hardwicke, however, held otherwise, and remarked in effect: "There has not been any determination, for the directing of an issue is merely to satisfy the conscience of the court prefatory to their giving judgment. The issue has not been tried, and until there has been a determination," I hold a plaintiff may, in any stage of the cause, apply to dismiss his bill upon payment of costs. It would have been otherwise, he said, had the issue been tried, and a verdict in favor of the defendant, because the defendant might

then have set the cause down as in equity reserved, in order to have the bill dismissed upon the solemn judgment of the court, so as to make the order of dismission pleadable. To the same effect also is the case of Curtis v. Lloyd, 4 Mylne & C. 194, which was decided by Lord Cottenham, in 1838, after it had been twice argued at the bar. When that cause was called on for hearing, the counsel for the complainant stated that it had come on unexpectedly, and at his request it was allowed to stand over until the next day. On the following morning the cause was again called on for hearing, when the same counsel informed the court that he had that morning obtained an order, as of course, dismissing the bill with costs, and that the suit was no longer pending. Objection to that course of proceeding was promptly made by the counsel of the respondent. They insisted that it was not competent for the complainant, after the cause was set down for hearing, and still less after it had been actually called on, and had only been allowed to stand over at his request and for the accommodation of his counsel, to obtain behind the back of his adversary a common order dismissing his bill. Such an order they insisted was irregular, and ought to be treated as a nullity. But the chancellor said, after admitting that he was not before aware that the doctrine had been carried so far as it seemed to have been in the case of Carrington v. Holly, [1 Dickens, 280,] that he could not see why a complainant should be in a worse situation, because he informed the court that he did not intend to proceed with the hearing of his cause than if he made default, and emphatically added that in principle it was substantially the same thing. Several cases were cited at the argument to sustain the propriety of the proceeding, and many others might have been added of like import. Locke v. Nash, 2 Madd. Ch. Pr. 389; White v. West-meath, 1 Beat. 174; Anony., 1 Ves. Jr. 140; Dixon v. Parks, 1 Ves. Jr. 402; Fidelle v. Evans, 1 Brown, Ch. 267; Knox v. Brown, 2 Brown, Ch. 185; Gilbert v. Faules, Freem. Ch. (Ed. 1823,) 158. From these authorities it clearly appears that a complainant, prior to the adoption of the new orders by the English chancery court, might dismiss his bill at any time before a hearing upon the merits, upon payment of costs, unless perhaps there had been some order or proceeding in the cause conferring rights upon the respondent, which would be defeated or impaired by allowing that order.

General authority is given to the supreme court, by the sixth section of the act of congress of the 23d of August, 1842, to regulate the whole practice of the circuit and district courts of the United States, but no rule specifically applicable to the matter in question has ever been adopted. 5 Stat. 518. By the ninetieth rule regulating the practice in equity suits, it is provided, that in all cases where the rules prescribed do not apply, the prac-

tice of the circuit court shall be regulated by the present practice of the high court of chancery in England, not as positive rules, but as furnishing just analogies to regulate the practice. That rule adopts the English practice, as it was known and understood in 1842, at the time this rule was ordained. Consequently the practice of this court remains unaffected by the new orders so called, which the courts of that country have since incorporated into their practice. What the practice was in the courts of that country prior to the adoption of the new orders has already appeared, and the authorities upon that subject need not be repeated. Several decisions of the supreme court may be adduced, which go very far to show that the practice here is substantially the same. Of these, the case of Walden v. Bodley, 14 Pet. [39 U. S.] 160, is directly in point. Suits had been twice before instituted in that case, but it appeared that the first bill had been dismissed for the want of jurisdiction, and the second had also been dismissed on motion of the complainant at rules; and the court held that neither was a bar to the new bill, because it appeared in both records that the cause had not been heard on the merits. Where a party asking the aid of a court of equity, says Marshall, C. J., in Conn v. Penn, 5 Wheat. [18 U. S.] 427, refuses to comply with the conditions on which the aid must depend, the court is certainly correct in refusing its aid, and may dismiss the bill. But in such a case we think it would be harsh to make the decree of dismission a bar to a future action. Some of the parties had been heard in that case, and a decree rendered which to a great extent decided the merits of the cause. Strong doubts, however, were expressed whether the decree was rendered on such a hearing as would make it a bar to a new bill; but as it appeared that one of the respondents was not before the court, and that another person concerned in interest was not made a party, the point as to the sufficiency of the hearing was not decided. Whenever a suit in chancery is heard upon the merits, a decree of a court having jurisdiction of the parties and of the subject-matter is a final determination of the controversy, unless the court making the decree qualify it and expressly order that it be made without prejudice. Accordingly it was held by the supreme court, in the case of Bank of U. S. v. Beverley, 1 How. [42 U. S.] 149, that a fact which has been directly tried and decided by a court of competent jurisdiction cannot be contested again between the same parties in the same or any other court. Hence the judgment of a court of record or a decree in chancery, although not binding on strangers, puts an end to all further controversy concerning the points thus decided between the parties to such suit. In this there is, and ought to be, no difference between a verdict and judgment in a court of common law, and a decree of

a court of equity. They both stand on the same footing. Hopkins v. Lee, 6 Wheat. [19 U. S.] 109. Notwithstanding this rule, still it is well settled that a judgment of nonsuit at common law is no bar to a new suit, and cannot be pleaded in bar to a second action, although it is between the same parties, and for the same subject-matter, not even when the judgment of nonsuit was rendered upon an agreed statement of facts. It was so held by the supreme court in Homer v. Brown, 16 How. [57 U. S.] 354, and the same rule prevails in the state courts. Bridge v. Sumner, 1 Pick. 371; Morgan v. Bliss, 2 Mass. 113; Wade v. Howard, 8 Pick. 353; Knox v. Waldoborough, 5 Me. 185. So it would seem, from analogy, that whenever a bill of complaint is dismissed without a hearing, and without any consideration of the merits, whether with or without the consent of the complainant, that the order of dismission, being in the nature of a nonsuit at common law, ought not to be considered a bar to a new suit, because the matters in controversy are not thereby judicially determined. More direct authorities upon the subject, however, are to be found in the decisions of the state courts, where the question has often been presented. Where the respondent in a suit in equity pleaded a former suit, and a decree dismissing the bill in bar of a pending suit, Chancellor Kent held, that the decree was not a bar, because it appeared that no person was present on the part of the complainant when the decree was made. Rosse v. Rust, 4 Johns. Ch. 300. Some of the remarks of the chancellor on that occasion are quite applicable to the present case. He said the merits of the former cause were never discussed, and no opinion of the court had ever been expressed upon them. It is, therefore, not a case within the rule rendering a decree a bar to a new suit. The ground of this defence by plea is that the matter has been already decided, and there has been no decision on the matter. And he also referred with approbation to the remarks of Lord Hardwicke in Brandlyn v. Ord, 1 Atk. 571, in which that learned judge said that, where the defendant pleads a former suit, he must show that it was res judicata, or an absolute determination of the court, that the plaintiff had no title. But the cases of Perine v. Dunn, 4 Johns. Ch. 140, and Neafie v. Neafie, 7 Johns. Ch. 1, are direct decisions of the questions here presented. In the former it was held that where a bill is dismissed on the merits, without any direction that the dismission shall be without prejudice, it may be pleaded in bar to a new bill for the same matter, and in the latter it was held that a bill regularly dismissed on the merits may be pleaded in bar of a new bill for the same matter; but to make a decree of a dismissal of a bill on the merits a bar, it must be an absolute decision on the same point or matter, and the new bill must be between the same parties.

Numerous other decisions affirm the same principles, and indeed the decided cases are nearly unanimous upon the subject. Cummins v. Bennett, 8 Paige, 79; Simpson v. Brewster, 9 Paige, 245; Smith v. Sherwood, 4 Conn. 276; Kennedy v. Scovil, 14 Conn. 61; Smith v. Smith, 2 Blackf. 232; Seymour v. Jerome, Walk. Ch. 356. Reference is very properly made in the argument to the opinion given by this court on the demurrer to the plea. All of the facts stated in the plea were then admitted by the demurrer, and the docket minutes in the former suit were not before the court. That opinion, therefore, was necessarily based upon the legal construction of the plea under the admissions of the demurrer. But whether correct or not, it is better to be right at last than finally to adhere to an error. Replication adjudged sufficient.