McFarland, J.,
delivered the opinion of the court.
The bill was originally filed by John M. Gillespie against John O. Gillespie and ~W. S. McEwen, for the settlement of the extensive affairs of two partnership firms in which the parties were interested. The bill was subsequently amended by joining other parties as co-complainants. In his answer, McEwen protested against being called to an account, but answered somewhat at length to the merits.
A decree was rendered ordering a general account, and appointing a special commissioner to- take the same, and submitting extended and particular inquiries to be reported upon, but all questions arising upon the report were reserved. McEwen prayed an appeal from this decree, but the chancellor was of opinon that the decree did not settle finally his rights and that an appal should not then be granted. The account ordered was- never stated. Various efforts were made from time to time to have the order revived. Considerable efforts were made by the commissioners, but they were unable to complete the account for the reasons which they show in their statements, the principal trouble being the condition of the books showing *401 ihe transactions of the firms: They had not been posted or kept in such manner as to enable the commissioners to understand the condition of the business without great labor. It was also necessary to- have answers to' interrogatories from W. S. McEwen, giving explanations in regard to these books, and the business generally. McEwen in his answer, says they could not be understood without his explanations. These answers and explanations were not fully obtained owing mainly to McEwen’s bad health. A large aanount of material for the account was taken and filed. McEwen died, and the cause was revived against the executors of his will. After all this, at the April term, 1875, the complainants, in open court, dismissed their bill, and there was a decree against them for all the costs. Subsequently, at the same term, the executors of W. S. Mc-Ewen presented their petition, showing that the dismissal was without their consent, and praying that the cause be reinstated and proceeded with. This was refused, and they have appealed.
The question is, whether or not complainants have the right to dismiss their case without the consent of the defendants. As a general proposition, it is not denied that a party may dismiss his cause, as a matter of comse, upon payment of costs at any time before decree. After decree, however, he cannot do so> for all parties are interested in a decree, and any party may take such steps as he may be advised to have the effect of it. See 1 Daniell’s Ch. Pl. & Pr., 3d Am. ed., pp. 795-799 [5th Am. ed. pp. 790-801.]
But, ordinarily, the decree should be one which adjudges some rights of the parties, so that the opposite party might have an interest in having the same enforced. He might have this interest whether the decree be for or against him. The principle is, that when the cause has been heard and ■determined, the complainants cannot deprive the opposite *402 party of his right to enforce the adjudication or decree made, by dismissing the cause without his consent. The defendant, then, has an interest in the decree. But a decree for an account' which settles no principles and adjudges no rights, is merely a direction to state the account for the information of the court upon the facts, and before this account is taken the defendant has no interest under the decree more than he had upon the filing of the bill. This, we think, is certainly true in general, but the question is, whether a bill for an account of the present character, that is, a bill to settle a partnership, stands upon a different footing from other causes. In some respects such oases are different. Both parties are in some respects actors. The defendant may have orders which he'could not have-in other cases; may move to revive against the complainant’s representative in case of the complainant’s death, and if a balance be found in the defendant’s favor upon an account, he is entitled to a decree therefor against the complainants. 1 Story Eq. Jur., sec. 522. But, still, we are of opinion that, as defendant McEwen, in the first instance,, did not submit to, but resisted an account, and then not show or claim that it would be to his interest to take, and-as by the delay and his death, it has probably become impossible to state the account correctly, his executors cannot object to a dismissal of the cause in any event. This, of course, would not affect a cross-bill seeking the same relief, where one was pending. There may be many good reasons-why a complainant should decline to further prosecute a cause of this character; the difficulty of arriving at a correct settlement of old and complicated accounts might, often show that the trouble and expense were greater than the probable recovery. We. therefore think complainants should not be compelled to prosecute this cause. Let the-decree be affirmed with costs.