STATE, EBENEZER SANDFORD, PROSECUTOR, v. THE BOARD OF TOWNSHIP COMMITTEE OF THE TOWNSHIP OF KEARNY.

An assessment was made in the township of Kearny for the grading, curbing and flagging Davis avenue; in 1876 this assessment was set aside and vacated; a re-assessment was made in 1882 under the provisions of " an act in relation to assessments in townships," (*Pamph. L.* 1881, *p.* 274,) and the re-assessment not being warranted under the provisions of the last-mentioned act. *Held—*

1. That as there was power to make an assessment by the terms of the charter of Kearny township, it is the duty of the Supreme Court, under the act of 1881, (*Pamph. L., p.* 194,) to make a lawful assessment.

2. When the facts essential as the groundwork for such assessment are not before the court, an order will be made to a Supreme Court commissioner to take testimony, to be reported to the court for further action.

On *certiorari.*

This cause was heard upon the following statement of facts agreed upon by the respective attorneys :

*First.* Davis avenue was originally opened, graded, gut-

tered and flagged, so far as the work was done, by virtue of an ordinance passed January 15th, 1874, by board of township committee of township of Kearny, which ordinance was passed by virtue of an act entitled "An act for the improvement of the township of Kearny, in the county of Hudson, and to increase the powers of the township committee in said township." *Pamph. L.* 1871, *p.* 1371.

*Second.* And that an assessment entitled "An assessment for grading, curbing and flagging Davis avenue, for the benefits conferred by said improvement, was made by commissioners appointed for that purpose on November 6th, 1876, and that there was assessed upon the land of the prosecutor, in the name of the Newark Land Company, in connection with other lands then owned by them, the sum of $1780.08.

*Third.* In 1876 said assessment was set aside and vacated by order of the Supreme Court on a writ of *certiorari*, prosecuted by the Newark Land Company against the said township as defendant.

*Fourth.* That the present assessment was made February 14th, 1882, and is entitled "A re-assessment of Davis avenue for benefits from grading and flagging."

*Fifth.* That the present assessment was made by virtue of an act entitled "An act in relation to assessments in townships." *Pamph. L.* 1881, *p.* 274.

The writ brings up the last assessment.

Argued at November Term, 1885, before Justices SCUDDER and REED.

For the prosecutor, *G. W. Hubbell.*

For the defendant, *Ludlow McCarter.*

The opinion of the court was delivered by

REED, J. It is clear that the present assessment cannot rest upon the act of 1881, under which it was supposedly levied.

That act provides for an application to the presiding judge of the Circuit Court for the appointment of three freeholders to make an assessment for the costs and expenses of grading, flagging or paving any street or section of a street, in any township or polling district in the state, in two instances :

*First.* Where such costs and expenses shall not have been assessed under the act authorizing the work, and cannot now be made under such act.

*Second.* Where an assessment for such work has been made, but the act under which it was made has been declared to be unconstitutional.

There was an assessment originally made under the provisions of the act for the improvement of the township of Kearny.    *Pamph. L.* 1871, *p.* 1371, § 45.

It was vacated because one of the commissioners happened to be interested.    The language of this act providing for assessments is such that a constitutional assessment could have been made for this improvement.

So neither of the two junctures of affairs existed, one of which was necessary to warrant the township in proceeding, under the act of 1881, to levy a new assessment.

But the counsel for the township invokes the operation of the act of 1881, p. 194.    It is the act providing that no tax assessment or water rate imposed or levied, shall be set aside or reversed for any irregularity or defect in form or illegality in assessing, laying or levying the same, but the proceedings shall be amended and the court shall adjust the amount due.    The concluding clause provides that it shall be the duty of the court to make a proper levy, imposition or assessment, in all cases in which there lawfully may be an assessment, imposition or levy, and such court is hereby given full and ample authority to make a lawful levy, assessment or imposition.

The exposition of the scope of the operation of this act as found in the opinion in the case of *Elizabeth* v. *Meeker,* 16 *Vroom* 157, decided in the Court of Errors, was such as to

confer upon this court the widest power in dealing with assessments of the class before us.

The case before the Court of Errors was one in which an assessment for street improvements had been levied under an unconstitutional act. It was void. The Supreme Court, on *certiorari*, set it aside *in toto*. At the time of this judgment of the Supreme Court another act had been passed providing for a constitutional assessment of the expenses of the improvement.

The Court of Errors held that the Supreme Court should have proceeded to impose this assessment and remitted the record to this court for that purpose. In that case it is observed that the matter brought up was no assessment; it was absolutely a nullity, and yet the matter being before the Supreme Court even in that shape, the duty was imposed upon it to retain the control of the proceedings and make the levy itself.

In the present case there is a power to make an assessment by the terms of the concluding clause of section 58 of the charter of Kearny township. *Pamph. L.* 1871, *p.* 1394.

It is the duty of the Supreme Court to see that a proper assessment shall be made. The facts which are essential as the groundwork for such an assessment are not before us.

An order will be made referring to a Supreme Court commissioner the taking of testimony to be reported to this court for future action.