CLARK v. BERNHARD MATTRESS CO.

(Circuit Court, N. D. California. August 31, 1897.)

No. 12,416.

**DECREE DISMISSING BILL IN EQUITY—WHEN NOT A BAR TO NEW SUIT.**
    A decree dismissing a suit in equity without a hearing, or determination of the merits, whether made with or without the consent of the complainant, is not a bar to a new suit.

J. J. Scrivner, for plaintiff.
John L. Boone, for defendant.

MORROW, Circuit Judge. The plaintiff in this case claims to be the owner, by assignment, of all the right, title, and interest in and to a certain invention and letters patent numbered 217,704, for an improvement in wire-coiling machines, for the territory of the city and county of San Francisco, state of California, and alleges that the defendant, without the consent or allowance and against the will

of plaintiff and his assigns, has made and used a large number, to wit, 100, wire-coiling machines containing the inventions and improvements described and claimed in said letters patent, whereby plaintiff has been damaged in the sum of $50,000. To this complaint the defendant has interposed a plea in bar, in which it is alleged that the plaintiff, on the 16th day of July, 1896, filed in this court a bill of complaint wherein and whereby he charged the defendant with the same infringement upon the same letters patent referred to and charged to have been infringed in the complaint filed in this action; that the bill was in equity, and was for the same subject-matter, and between the same parties, and demanded the same relief as in the complaint filed herein; that on the 12th day of July, 1897, the plaintiff, by his attorney, without the knowledge or consent of the defendant, and of his own free will and volition, dismissed the suit, and caused a judgment of dismissal to be entered therein; and the defendant pleads that dismissal and judgment of dismissal as a bar to this action. Plaintiff moves to strike out this plea on the ground that it constitutes no defense to this action. The effect of the dismissal of a bill in equity is well established. The rule, in general terms, is that a decree or order of the court by which the rights of the parties have been determined, or another bill for the same cause has been dismissed, may be pleaded in bar to a new bill for the same matter. But an order of dismissal is a bar only where the court has determined that the plaintiff had no title to the relief sought by his bill, and therefore an order dismissing a bill for want of prosecution is not a bar to another suit. Whenever a bill of complaint is dismissed without a hearing, and without any consideration of the merits, whether with or without the consent of the complainant, the order of dismissal is in the nature of a nonsuit at law, and cannot be considered a bar to a new suit, because the matters in controversy are not thereby judicially determined. Carrington v. Holly, 1 Dickens, 280; Curtis v. Lloyd, 4 Mylne & C. 194; Badger v. Badger, 1 Cliff. 237, 2 Fed. Cas. 327 (No. 717); Freem. Judgm. 270, and cases there cited. The motion to strike out the plea in bar must, therefore, be granted, and it is so ordered.