HENRY W. LONG, ED. L. WARTMAN, FRED S. LUCIUS, N. A. FORT AND JOHN L. EDWARDS, AS COUNTY COMMISSIONERS OF MARION COUNTY, FLORIDA, *Appellants,* v. HERBERT L. ANDERSON, AS TRUSTEE FOR ELIZABETH B. ANDERSON *et al., Appellee.*

1. There is no statute or equity rule in force in this State regulating the dismissal of bills in chancery by the complainant. Rule 50 of Rules of Circuit Court in Common Law Actions has no applicability, being limited to actions at law.

2. As provided by section 1425 of the Revised Statutes of Florida of 1892, in the absence of provisions of the law or rules of practice of this State, the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof, shall be rules of practice in the courts of this State when exercising equity jurisdiction, and when the rules of practice so directed by the Supreme Court do not apply, the practice of the courts shall be regulated by the practice of the High Court of Chancery of England.

3. There being no rule of practice adopted by the United States Supreme Court regulating the dismissal of bills in chancery by the complainant, the practice of the courts of this State upon this point must be regulated by the practice of the High Court of Chancery of England.

4. While there is no doubt of the general proposition that a complainant in an equity suit may dismiss his bill at any time before the hearing, it is equally well settled that he can not do so without an order of court, a practice which implies a certain discretion on the part of the court to refuse such order, if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant.

5. After the filing of an answer by a defendant to a bill in equity, the mere filing of a praecipe for dismissal by the complainant, no order of the court being made thereon, can not operate as a dismissal of the bill. The complainant can not in this manner discontinue the suit, an order of the court being necessary.

6. Where no replication has been filed to the answer, Equity Rule No. 42 gives the complainant the right, upon motion or petition, without notice, to obtain an order from the court for leave to amend his bill, on or before the next succeeding rule day, upon payment of costs, or without payment of costs, as the court or the judge may, in his discretion, direct.

7. The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and ordinarily the determination of this question will not be disturbed by an appellate court, yet such ruling is reviewable on appeal, and where it is plainly made to appear that there has been an abuse of this judicial discretion, it is the duty of an appellate court to interpose and correct the same.

8. Where the court below has granted an extension of the time for taking testimony in an equity suit, and the defendant is prevented from taking any testimony within the time so extended by reason of the absence from the county of the master in chancery, who was appointed to take the testimony, it is an abuse of judicial discretion for the chancellor to refuse a further extension of the time for taking testimony.

This case was decided by Division B.

Appeal from the Circuit Court for Marion county.

## Statement.

The transcript of the record in this case is rather voluminous, and, in view of the conclusion which we have reached, we see no useful purpose to be accomplished in setting forth the pleadings and proceedings in detail, so shall refer to only such portions thereof as may seem necessary for a proper understanding of the opinion.

On the 19th day of September, 1900, the appellee filed his bill in chancery in the Circuit Court for Marion county, against Henry W. Long, E. C. McLeod, William E. Allen, James M. Liddell and D. L. Morgan, as members of the Board of County Commissioners of Marion county, and the Seaboard Air Line Railway, a corporation, defendants, alleging therein, among other things, that appellee was the owner and in possession of certain described lands in said county, and that said defendants, conspiring together to injure and damage appellee, were attempting to lay out and construct an alleged public highway over and upon a portion of said lands, so as to reach and establish a public highway over the same to the banks of a stream of water upon said lands known as "Silver Springs," and thereby and thereupon to open to the public a right of way to said stream, which acts upon the part of defendants, if the same were accomplished, would result in an appropriation of said lands, or certain portions thereof, to the public use, and would amount to a taking of appellee's estate without due process of law. The relief sought by said bill was a restraining order, and later on, a perpetual injunction, and general relief, the oath to the answer of defendants being expressly waived. On the 19th day of September, 1900, a restraining order against said defendants was granted by a court commissioner for said county, in accordance with the prayer of said bill. On the 10th day of October, 1900, the county commissioners as defendants, filed an answer to said bill, in

which some of the material allegations of the bill were denied. On the same day said county commissioners, as defendants, filed a motion to dissolve said restraining order or temporary injunction, upon the answer and evidence to be filed at the hearing of said motion, and at the same time filed a number of affidavits in support thereof. On the same day the court made an order referring said motion to Richard McConathy as special master to hear the evidence and report the same, with his findings, to the court within ten days. The special master gave notice to appellee and said county commissioners, that he would proceed to take such testimony as might be offered by the parties, on the 16th day of October, 1900, at 9:30 a. m., at the Seaboard Air Line depot at Silver Springs in said county. The county commissioners had a subpœna issued by the said special master for a number of witnesses, which was returned duly served. On the said 16th day of October, 1900, appellee filed in the office of the clerk of the Circuit Court a præcipe dismissing his bill as to all of said county commissioners, but retaining it as to the Seaboard Air Line Railway Company. On said 16th day of October, 1900, said special master reported that appellee, as complainant, had dismissed his bill at 8:45 a. m. on that day, as to said county commissioners, hence he had no duties to perform.

On the 2nd day of April, 1902, appellee presented a petition to the chancellor below for leave to amend his bill, reciting therein that the defendants in said cause had answered said bill, but that no replication had been filed by complainant to said answers, and that it was "necessary to a full and complete adjustment of the complainant's rights in the said cause that the said bill of complaint be amended." On the same day the chancellor made an order allowing complainant to amend his bill before the next succeeding rule day, without payment of costs, said petition and said order being filed in the office of the clerk of the Circuit Court on the 4th day of April, 1902. On the same day com-

plainant, who is appellee here, filed in said clerk's office an amendment to his bill making quite material changes therein both in the charging part as well as in the prayer, and also making parties defendant thereto Henry W. Long, Ed. L. Wartman, Fred S. Lucius, N. A. Fort and John L. Edwards, then constituting the Board of County Commissioners of Marion county, and who are appellants here. A subpœna was duly served upon said new defendants, who appeared specially on the second day of June, 1902, and filed a motion to vacate the order allowing complainant to amend his bill upon the grounds that said bill was not then pending as to the Board of County Commissioners and had not been for more than one year prior thereto, that Equity Rule 42 had not been complied with, and that, under said rule, the court had no authority to grant complainant the right to revive his bill. On the 14th day of July, 1902, the court made an order denying said motion and allowing said defendants until the rule day in August in which to plead, answer or demur to the original and amended bills. On the 4th day of August, 1902, said Board of County Commissioners filed a paper in the office of the clerk of the Circuit Court in which they referred to the answer filed by the former Board of County Commissioners to the original bill, and stated that they "do now apply said answer to the bill as amended the same as if answered directly then."

The complainant filed a replication to this answer on the first day of September, 1902, and on the 10th day of November, next, the court made an order referring said cause to Neil M. Allred, a master in chancery, with instructions to take the testimony of the parties and their witnesses, and report the same with his findings of fact and the law of the case. Said master, after due notice to the respective parties of the time and place, proceeded to take such testimony as was offered before him by the complainant, the defendants failing to offer any but interposing various and sundry objections to the order of reference to

said master, his authority to act, as well as to certain portions of the testimony. On the 5th day of December, 1902, said master filed his report of the proceedings before him. On the first day of January, 1903, the court made an order allowing said master, at his request, "to withdraw, and, by consent of all parties, Carlos L. Sistrunk is hereby appointed as special master to take the evidence and report the findings, at all convenient speed." On the 6th day of February, 1903, said Board of County Commissioners filed a motion for the extension of time for the taking of testimony for a period of 90 days, and on the 9th day of said month the court made an order allowing the defendants 20 days in which to take their testimony. On the 27th day of May, 1903, the defendants filed a motion for an order extending the time for the taking of testimony for a period of sixty days, and also the affidavit of one of the counsel to the effect that said master was absent from said county at the time the order was made on the 9th day of February, 1902, extending the time for taking testimony for a period of 20 days, and did not return for a week or so thereafter and then only for a day or so, at which time he told one of the counsel for the defendants that he could not take any testimony then, as he had to return to Tallahassee, where he had been, but would shortly return therefrom and would then be ready to proceed with the same, but did not return until about the 6th day of May, and that defendants had been unable to take any testimony by reason of the absence of said master. On the 30th day of May, 1903, the court made an order denying said motion.

On the 15th day of July, 1903, said cause came on for a final hearing, after various and sundry objections thereto had been interposed by defendants and overruled by the court, when the court rendered a decree dissolving the injunction and dismissing the bill, at the cost of complainant. On the 20th day of said month complainant filed a petition for re-hearing, and on said day the court made an order granting the same. On the 28th day of said month

the defendants filed a motion to vacate said order, which motion was denied by the court on the same day, and a rehearing ordered on a certain named point. On the 26th day of August, 1903, the court rendered a decree modifying the order of dismissal as to said Board of County Commissioners and enjoining them "from building any hard road, or macadamized dirt road over the said lands, or from declaring a public highway to now exist thereon," but finally dismissing said bill as to the Seaboard Air Line Railway Company, and taxing all the costs against the complainant.

From this decree said Board of County Commissioners have appealed, and have assigned some ten errors.

*W. K. Zewadski* for appellants.

*R. L. Anderson* for appellee.

SHACKLEFORD, J. (*after stating the facts*).—The first error assigned is that "the court erred in allowing the complainant to amend his bill on April 2nd, A. D. 1902, after the said bill had been dismissed, and had stood dismissed since October 16th, 1900."

In considering this assignment the first point presented for determination is whether or not the bill of complaint was ever dismissed as to the Board of County Commissioners. In other words, does the mere filing of a præcipe for dismissal by the complainant, after the filing of an answer by the defendant, without any action or order thereon by the court, have the effect of dismissing the bill? A casual reading of the third headnote in the case of *The State of Florida et al. v. The Florida Central R. R. Co. et al.,* 15 Fla. 690, would seem to require that this question be answered in the affirmative, but a more careful reading thereof, as well as a reference to the opinion, will lead to a different conclusion. Said headnote, taken in its entirety, shows that

an order was made by the court, regulating the costs, and the opinion (text 697) discloses that said suit was regulated by the code, then in force but long since repealed, and further (text 726) that the bill therein was dismissed by the *court,* on motion of the *defendant,* consequently said question was not raised in said case and, therefore, could not have been decided. There is no statute in force or equity rule regulating the dismissal of bills in chancery. Rule 50 of Rules of Circuit Court in Common Law Actions, has no applicability, being limited to actions at law. See *Newcomb v. White,* 5 New Mex. 435, 23 Pac. Rep. 671. As provided by section 1425 of Rev. Stats. of 1892, in the absence of provision of the law or rules of practice of this State, the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof, shall be rules of practice in the courts of this State when exercising equity jurisdiction, and when the rules of practice so directed by the Supreme Court do not apply, the practice of the courts shall be regulated by the practice of the High Court of Chancery of England. See *Kahn v. Weinlander,* 39 Fla. 210, 22 South. Rep. 653. The U. S. Supreme Court seems never to have made a rule of practice regulating the dismissal of a bill in equity by the complainant. However, the practice in the Federal courts in regard to the dismissal of bills by complainants seems to have been uniform. As was said by Brown, then circuit judge, now one of the justices of the U. S. Supreme Court, in *Electrical Accumulator Co. v. Brush Electric Co.,* 44 Fed. Rep. 602, text 604, "while there is no doubt of the general proposition that a plaintiff in an equity suit may dismiss his bill at any time before the hearing, it is equally well settled that he can not do so without an order of court,—a practice which implies a certain discretion on the part of the court to refuse such order, if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant." See to the same effect, *Badger v. Badger,* 1 Cliff. 237, Fed. Cas. No. 717;

*Lowenstein v. Glidewell,* 5 Dill. 325, Fed. Cas. 8,575; *Stevens v. The Railroads,* 4 Fed. Rep. 97; *Connecticut & P. R. R. Co. v. Hendee,* 27 Fed. Rep. 678; *Hat-Sweat Manuf'g Co. v. Waring,* 46 Fed. Rep. 87; *Pullman's Palace Car Co. v. Central Transp. Co.,* 49 Fed. Rep. 261; *Western Union Tel. Co. v. American Bell Tel. Co.,* 50 Fed. Rep. 662; *Hershberger v. Blewett,* 55 Fed. Rep. 170; *City of Detroit v. Detroit City Ry. Co.,* 55 Fed. Rep. 569; *Chicago & A. R. Co. v. Union Rolling-Mill Co.,* 109 U. S. 702, 3 Sup. Ct. Rep. 594; *Pullman's Palace Car Co. v. Central Transp. Co.,* 171 U. S. 138, 18 Sup. Ct. Rep. 808. The case of *American Zylonite Co. v. Celluloid Manuf'g Co.,* 32 Fed. Rep. 809, is very much in point. In that case the complainant, without application to the court, entered a rule in the common rule book discontinuing the case on payment of costs. In passing upon this point the court said: "The *ex parte* entry in the rule book was a nullity. A complainant in an equity action can not in this manner discontinue the suit. An order of the court is necessary."

The practice in the Federal courts was evidently based upon the practice of the High Court of Chancery of England. U. S. Equity Rule No. 90. See *Carrington v. Holly,* 1 Dickens, 280; *Curtis v. Lloyd,* 4 Mylne & C. 194; *Booth v. Leycester,* 1 Keen, 247; *Cooper v. Lewis,* 2 Phil. 178; *Anonymous,* 1 Vesey, Jr., 140; *Dixon v. Parks,* 1 Vesey, Jr., 402.

As was said by COLT, J., in *Western Union Tel. Co. v. American Bell Tel. Co., supra,* text 665, "while it can not be said that the authorities are entirely harmonious, I think the leading cases in this country and in England support the views herein expressed." Some of the expressions in different text books, as well as in some of the reports, are too broad and are misleading. In addition to the authorities already cited, the following may prove instructive: 2 Bates' Fed. Eq. Pr. sections 658, 659; 6 Am. & Eng. Ency. of Pl. & Pr. 836; 1 Dan. Ch. Pr. 790 and note (sixth Amer.

ed.) ; 1 Beach Mod. Eq. Pr., section 460; 1 Foster's Fed. Pr., section 291; 1 Barb. Ch. Pr. 228; Fletcher's Eq. Pl. & Pr., section 562; *Blair v. Reading,* 99 Ill. 600, text 612; *Reilly v. Reilly,* 139 Ill. 180, 28 N. E. Rep. 960; *Bates v. Skidmore,* 170 Ill. 233, 48 N. E. Rep. 962; *Bank v. Rose,* 1 Rich. Eq. (S. C.) 292; *Adger & Co. v. Pringle,* 11 S. C. 527, text 547; *Cummins v. Bennett,* 8 Paige 79; *Simpson v. Brewster,* 9 Paige 245; *Dawson v. Amey,* 40 N. J. Eq. 494, 4 Atl. Rep. 442; *Saylor's App.* 39 Pa. St. 495; *Kempton v. Burgess,* 136 Mass. 192; *Howard v. Bugbee,* 25 Ala. 548; *Moore v. Tilman,* 106 Tenn. 361, — S. W. Rep. —; *Gillespie v. McEwen,* 1 Tenn. Cas. 400; *Cook v. Walker,* 24 Ga. 331; *Conner v. Drake,* 1 Ohio St. 166.

An examination and comparison of these authorities, as well as of the others cited therein, impel us to the conclusion that the mere filing of a præcipe by complainant for the dismissal of his bill did not operate as a dismissal thereof, no order of court having been made thereon, therefore, the bill was still pending as to the Board of County ·Commissioners, on the 2nd day of April, 1902, when the chancellor below made the order allowing the complainant to amend his bill. No replication having been filed to the answer, Equity Rule 42 gave the complainant the right, upon motion or petition, without notice, to obtain an order from the court for leave to amend his bill. However, in view of the fact that complainant had filed a præcipe for the dismissal of his bill as to said Board of County Commissioners, and there had been great delay upon his part in moving for the amendment, and also that said amendment materially changed the case made by the original bill, as well as made new parties defendant, we are of the opinion that the better practice would have been to have taxed the complainant with the costs up to date, or else to have denied the petition to amend, and the bill ordered dismissed without prejudice. See Van Zile's Eq. Pl. & Pr. sec. 245, and authorities cited in note 3. Be that as it may, this assignment suggests no reversible error.

The next assignment of error we shall consider is the fourth, which is as follows: "The court erred in not extending the time to take the testimony on application made May 30th, A. D. 1903."

Undoubtedly there had been great delay in the proceedings in this case upon the part of the complainant as well as of the defendants. However, we see no occasion to set forth the various facts and circumstances connected therewith in detail. Suffice it to say that, on the 9th day of February, 1903, the court having made an order allowing the defendants twenty days from that date in which to take their testimony, and it having been shown by the affidavit of one of the counsel for defendants, which is not denied, that defendants were prevented from taking any testimony during the time of said extension by reason of the absence of the special master in Tallahassee, the denial of the application of defendants for a further extension virtually amounted to a nullification of the former order and shut the defendants out from taking any testimony. We are of the opinion that this was error, as the defendants should have had a reasonable time within which to take their testimony, so that the court, at the time of the final hearing, could have had all the facts and circumstances bearing upon the case before it and been in a position to have settled all the equities between the parties, and to have decided the case on the merits.

As stated in *Ingle v. Jones*, 9 Wall. 486, 5th headnote; "It is for the court below to decide whether further time (for taking testimony in an equity suit) shall be given or refused, and ordinarily the determination of the question would not be deemed a fit subject for review by this tribunal, though cases may occur of so flagrant a character that it would be its duty to interpose." Also see *Magbee v. Kennedy*, 26 Fla. 158, 7 South. Rep. 529.

We are of the opinion that this is one of the cases in which it is our duty to interpose, and that the decree should

48 Fla.—19

be reversed, with directions to the court below to allow a reasonable time to the defendants within which to take their testimony, and it is so ordered.

Having reached this conclusion, it becomes unnecessary for us to consider any of the other errors assigned. However, we deem it proper to say that it might be well for the parties to look to their pleadings, to see if they are in proper shape, and this suggestion applies especially to the pleadings of appellants.

CARTER, P. J., and WHITFIELD, J., concur.

TAYLOR, C. J. and COCKRELL, J., concur in the opinion.

HOCKER, J., being disqualified, took no part in the consideration of this case.