THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. MARY AND JAMES WHELAN, DEFENDANTS IN ERROR.

1. The allowance of a rule to show cause does not prevent assignment of errors upon the record.

2. In actions brought by husband and wife for injury done to the wife, if the husband desires to add thereto claims in his own right arising *ex delicto* under section 22 of the Practice act, the better practice is to present his claim by a separate count, designating the damages sought

by him.   The verdict should assess the damages on each claim and the judgment should distinguish them accordingly.

3.  When a declaration in an action by husband and wife contains only a single count, which, after averring an injury to the wife and also that the husband had expended money and lost her services by reason of such injury, concludes to the damage of both plaintiffs in a single sum, a verdict awarding damages to both plaintiffs and a judgment accordingly are not erroneous.   Such a declaration does not present the husband's claim as added to the action.

On error to the Supreme Court.

For the plaintiff in error, *Depue & Parker.*

For the defendants in error, *James F. Minturn.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.   The assignments of error are all made upon the record.   On behalf of defendants in error, it is urged that the court should not consider the questions thus raised because a rule to show cause was allowed in the court below.   But this contention is wholly without basis, first, because it does not appear in the record, nor is it otherwise shown that any rule to show cause was allowed; and second, because the allowance of a rule is only a waiver of bills of exceptions and merely debars the party holding such bills from assigning error thereon, leaving him entirely without restriction as to errors in the record.   *Gen. Stat., p.* 2574, § 246.

Plaintiff in error claims that the verdict and judgment disclosed in the record are erroneous.   His contention is that the action is brought by husband and wife for an injury done to the wife, and that the husband has added to the action claims in his own right arising *ex delicto* out of the injury done to his wife, and that the verdict ought to have awarded damages to both plaintiffs for such amount as the jury deemed would compensate the wife, and to the husband for such amount as they thought he was entitled to, and that the judgment should have been entered accordingly.   The verdict assessed the damages of both plaintiffs at $2,750, and

the judgment is that they recover of defendant "their said damages."

The declaration shows that the action is brought for an injury done to the wife by the negligence of defendant, and that the husband had authority to "add thereto" claims in his own right arising out of that injury by the provisions of section 22 of the Practice act. *Gen. Stat., p.* 2536.

The provisions of section 22 were taken from section 40 of the English Common Law Procedure act of 1852, with a single variation. The English act permits the husband to add to the joint action claims in his own right generally; our act limits the claims the husband may add to the joint action to those arising *ex delicto*. Both acts contain a provision that separate actions brought in respect of such claims—*i. e.*, claims of husband and wife in the right of the wife, and claims of the husband in his own right—might be consolidated.

Had the separate claims in this case been made the basis of separate suits, and had such suits been consolidated, I apprehend that no question could be made as to the propriety and necessity of separate verdicts on each separate claim, and that the judgment should have indicated the amount to be raised upon each. Can there be any doubt that when the husband, having control of the joint action (*Pennsylvania Railroad Co.* v. *Goodenough*, 26 *Vroom* 577), undertakes to add thereto claims in his own right, that a like practice must be pursued? I think not. Such has been, so far as my observation goes, the invariable practice in such cases.

If, therefore, the record discloses that the husband plaintiff has added claims in his own right to this action by himself and his wife for an injury done to her, the verdict, which awards damages only upon the joint claim, and the judgment, which has furnished relief only to the wife, are, at the least, irregular. One issue presented has not been disposed of. Whether the defendant below could take advantage of the irregularity need not be decided.

An examination of the declaration is convincing that no

claims of the husband plaintiff, in his own right, were added to the action. The declaration contains but a single count. It is true that, in that count, it is averred that he had expended money in the cure of his wife and had lost her services during the time of her illness, but the conclusion of the declaration is to the damage of the plaintiffs in one sum of $10,000, "in consequence of which a right of action hath accrued to them." The "*ad damnum*" clause is, therefore, single and limited. *Weber* v. *Morris and Essex Railroad Co.*, 6 *Vroom* 409.

Under the English act the practice seems to have been to present the claims in separate counts, with separate claims for damages. *Hemstead* v.*Phoenix Gas, &c., Co.*, 3 *Hurlst. & C.* 745; *Morris* v. *Moore*, 19 *C. B. (N. S.)* 359. In my judgment, it is the practice which ought to be adopted and followed under our statute. Upon such separate counts, separate issues would be presented, to which the jury would respond, and the judgment entered would preserve the separate rights of husband and wife in the total recovered. The defendant would also be enabled to question the propriety of the verdict upon the evidence respecting each claim.

Even if a single count could be framed to include both claims, it is obviously necessary that it should distinguish, in the conclusion, the damages sought upon each claim. A count which demands damages only upon the joint claim, as does the count in this record, cannot be considered, whatever the averments as to the husband's claims may be, as including such claims in the action.

We find, therefore, no error in the record, for the judgment is entered upon a verdict which answers the only claim for damages which the declaration made.

Let the judgment be affirmed.

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GUMMERE, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON. 11.

*For reversal*—None.