ANTHONY SIRACUSA, Jr., v. THE ATLANTIC CITY RAILROAD COMPANY.

Argued June 4, 1902—Decided November 10, 1902.

1. The burden is on the plaintiff to prove affirmatively the facts which impose upon a railroad company the duty of giving a cautionary signal in addition to that required by statute.

2. Gates having been placed at the crossing before the accident, but no proof being given that they had been rendered necessary by any act of the company, it was error to charge that it was a question for the jury as to what precautions were reasonably necessary for the safety of the public in addition to the proper operation of the gates.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *George A. Bourgeois* and *David J. Pancoast.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

VAN SYCKEL, J.　This suit is for the recovery of damages for an injury received by the plaintiff in crossing the railroad of the defendant company at Arctic avenue, in Atlantic City.

Previous to the alleged injury the railroad company had erected safety-gates on both sides of said crossing.　The plaintiff claimed before the trial jury that his injury was caused by the negligent operation of those gates by the company.

Under ordinary circumstances the giving of the statutory signal is all that can be required of a railroad company.

There is no general rule of law by which a railroad company is bound to place a flagman at a particular crossing, and it is only where by the configuration of the country or by the existence of buildings the situation is such that the use of the statutory signal would fail to give reasonable notice to those having occasion to cross the railroad that the company is required to use additional precautions for the public safety.　But such danger must have existed when the railroad was constructed, or it must have been subsequently created by the railroad company.　*Pennsylvania Railroad Co.* v. *Mathews,* 7 *Vroom* 531; *Philadelphia and Reading Railroad Co.* v. *State,* 32 *Id.* 71.

The burden being on the plaintiff to prove negligence, it follows that he must show affirmatively the facts which impose upon the company the duty of giving the additional cautionary signals.

There was no such proof in this case, but as the gates had been erected before the accident, the duty rested on the company to operate them with due and reasonable care, and for failure in that respect the company would be liable to the charge of negligence.

It was in evidence that a large building near the tracks cut off the view of the railroad for some distance, but it did not appear when the building was erected.

The trial judge charged the jury that whether this situation of the buildings and tracks was one that called for extra

precautions to prevent injury to travelers upon the street was a question for the jury; and if the jury so found, it was also a question for the jury, as to what additional precautions were reasonably necessary for the safety of the traveling public.

The trial court further charged the jury as follows: "The principle underlying the performance of such a duty as this is to provide such additional precautions or warnings to travelers as an ordinarily prudent person would do under like circumstances, in view of the extra danger to be provided against. Has the company in erecting these gates and providing the flagman filled these requirements of duty? If they have, then no negligence is established against them in this respect. * * * If, upon the whole evidence, you find that the presence of safety-gates and a flagman was a reasonable precaution against injury to the public, and that the plaintiff has failed to establish negligence in the management of the gates or in the use of the flag as a proximate cause of the accident, the plaintiff cannot recover."

By this instruction the jury was permitted not only to find negligence if the gates were not properly operated, but also to charge the company with the duty of giving some signal or using some precaution in addition to the ringing of the bell and the proper use of the gates.

In this respect the charge was erroneous and prejudicial to the defendant.

The plaintiff was permitted to prove, notwithstanding objection by the defendant's counsel, that the gatekeeper was only sixteen years old. The question in issue was whether the defendant was negligent in operating the gates, and the fact that the gateman was sixteen years old did not tend to prove or disprove the plaintiff's claim. There was no averment in the declaration that the defendant did not employ a competent gateman, and the evidence was therefore incompetent.

The declaration attributes the injury to the negligence of the servants of the company, and not to their want of fitness or capacity to perform the duties for which they were employed.

The defendant's counsel, on the examination-in-chief of the gateman, proved by him that since the accident he had left the employment of the company, and followed this by the question:

Whether he left because he obtained a better position?

The witness answered this question in the affirmative.

On the cross-examination the plaintiff was permitted to show by this witness that although he received greater compensation, he was required to work more hours each day. The question on the part of the plaintiff, as well as this evidence on the part of the defendant, was irrelevant and incompetent, but as this subject was introduced into the case by the question of the plaintiff's counsel, the cross-examination in respect to it is not sufficient ground for a new trial.

The rule to show cause should be made absolute.