## PHILIP PETER v. THE MIDDLESEX AND SOMERSET TRACTION COMPANY.

Submitted March 18, 1903—Decided June 8, 1903.

A declaration which rests upon a claim made up of separable demands, some of which are good and some bad, will prevail against a general demurrer.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *George S. Silzer.*

For the demurrant, *Willard P. Voorhees.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought by an employe of the defendant company to recover damages for injuries received by him while engaged in operating one of its cars.

The principal ground upon which the declaration is attacked is that it charges the defendant with responsibility as an insurer of the safety of the plaintiff, while in its employ, rather than for the use of due and reasonable care to protect him from injury. While some of the averments contained in the declaration may be open to this criticism, this is not true as to all of them. The following averment, extracted from the pleading, shows a legal liability on the part of the defendant to answer for the plaintiff's injury, viz., "that it was the duty of the said defendant to use due and proper care in the selection of competent persons to run and propel its cars upon its tracks; yet the defendant, neglecting its duty in that behalf, did not use due and proper care in the selection of competent persons to run and propel its other cars [*i. e.,* cars other than that which was being operated by the plaintiff], upon its tracks, * * * but negligently employed incompetent persons to run and propel its said other cars, and so negligently, unskillfully and improperly managed and controlled a certain one of said other cars, then and there being run and operated upon its road, and which was then and there being propelled in an opposite direction in front of and towards the said car upon which the plaintiff was then and there as aforesaid, that, by reason of the said negligence, unskillfulness and improper management and control of said car, and by reason of the same being then and there in the management and control of incompetent persons, so as aforesaid negligently employed by the defendant for that purpose," a collision between the two cars occurred, in which the plaintiff received the injury for which he sues.

It is further urged, on the part of the defendant, that the demurrer should be sustained because "the plaintiff's claim, as set out in his declaration is greater than his right," and *Condit* v. *Neighbor,* 1 *Gr.* 83, 97, is cited in support of this

contention. But, as has been pointed out by Chief Justice Beasley in *Hendrickson* v. *Pennsylvania Railroad Co.*. 14 *Vroom* 464, 467, the case relied upon was decided on a *special demurrer,* and is not authority for the sustaining of a *general demurrer* based on the reason cited. On the contrary, the decisions are quite clear that where the plaintiff's claim is made up of separable demands, some of which are good and some bad, such a declaration will prevail against a general demurrer. *Hendrickson* v. *Pennsylvania Railroad Co., supra,* and cases cited therein. Since the abolition of special demurrers in our practice, such an objection can be made only on motion to strike out. *Salt Lake City National Bank* v. *Hendrickson,* 11 *Vroom* 52.

The demurrer should be overruled.