FRIEDA KARNUFF AND GEORGE KARNUFF, HER HUS-
BAND, DEFENDANTS IN ERROR, v. WILLIAM KELCH
AND HENRY KELCH, PLAINTIFFS IN ERROR.

Argued February 18, 1903—Decided June 8, 1903.

1. Duplicity in a pleading must, at common law, be taken advan-
   tage of by special demurrer; under our stautory practice by a
   motion to strike out.

2. Where, in a single count of a declaration, there be joined together
   several causes of action, or several grounds of special damage,
   some of which are sustainable, but the others not, if there be a
   verdict for the plaintiff, with entire damages, the verdict and
   consequent judgment thereon will be sustained by the presump-
   tion that the trial judge directed the jury not to find damages
   upon the defective allegations.

3. The case of *Farwell* v. *Smith*, 1 *Harr.* 133, commented on in
   *Potts* v. *Clarke*, *Spenc.* 537, has been overruled by subsequent
   decisions, so far as it stands opposed to the above rules.

4. The *ad damnum* clause in a declaration may limit the scope and
   effect of the plaintiff's claim, with respect to his title to the spe-
   cial damages laid in the declaration.

5. In an action of tort, brought by husband and wife, the declara-
   tion (which contained but a single count) set forth some grounds
   of special damage, for which the plaintiffs were entitled to sue
   jointly, and another ground of special damage, for which the
   husband, in his own right, was alone entitled to recover. The
   *ad damnum* clause claimed simply the "damages of the said
   plaintiffs;" the verdict awarded a single sum for "the damages
   of plaintiffs," and the judgment was that the plaintiffs recover
   "their said damages." *Held* (following *Consolidated Traction Co.*
   v. *Whelan*, 31 *Vroom* 154), that the effect of the verdict and
   judgment was to give only those damag   to which the plaintiffs
   were jointly entitled.

On error to Middlesex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HEN-
DRICKSON and PITNEY.

For the plaintiffs in error, *Alan H. & Theodore Strong.*

For the defendants in error, *Voorhees & Booraem.*

The opinion of the court was delivered by

PITNEY, J. The declaration avers that the plaintiffs were seized and possessed of a tract of land in Middlesex county upon which they had built their residence and had their garden, a well and various buildings, and upon which they lived with their family; that they also had upon the same tract two other houses, occupied by their tenants, and which they were accustomed to rent; that the defendants constructed an embankment upon lands adjoining the plaintiffs' premises and kept the embankment filled with water; that the embankment was so negligently and carelessly constructed that by reason thereof water percolated through it and overflowed the plaintiffs' lands, thereby polluting the plaintiffs' well, preventing them from cultivating their garden and from using the water of the well, and from renting out their houses, and that by reason of the water lying stagnant upon said lands the plaintiffs became sick and were forced to expend moneys in curing such sickness "to the damage of the said plaintiffs two thousand dollars, and therefore they bring their suit," &c.

The defendants pleaded the general issue, and, upon the trial the jury found the defendants guilty and assessed "the damages of plaintiffs" at the sum of $300. The judgment is that the plaintiffs recover against the defendants "their said damages," &c.

There is no bill of exceptions. Error is assigned upon the record, (1) on the ground that the declaration is not sufficient in law; (2) that the plaintiffs, by the judgment, have recovered damages for the sickness of the plaintiffs; (3) that the plaintiffs, by the said judgment, have recovered damages for the sickness of the plaintiff George Karnuff.

The argument submitted in behalf of the plaintiffs in error is to this effect: that the record shows that the plaintiffs have recovered in this action damages for the sickness of the husband and also for the sickness of the wife; that the damages awarded are entire and are presumed to have been given for these injuries as well as for the others alleged in the declaration; that although the plaintiffs jointly might

recover for the sickness of the wife, yet there could be no recovery in such an action on account of the sickness of the husband, because for such damage he must sue alone; and that where damages are thus given generally and the declaration includes matter which either affords no cause of action at all or affords no right of recovery in the same suit, the entire verdict is vitiated and judgment will either be arrested on motion, or, if entered, will be reversed on error:

To these contentions there are several adequate replies.

The mere misjoinder of the wife in an action brought by her husband to recover damages for injuries personal to himself is not ground for reversal of this judgment, because by section 37 of the Practice act (*Gen. Stat., p.* 2539) it is provided that the misjoinder of a plaintiff shall not be objected to by the defendant unless he give written notice of such objection within five days after plea filed; and the record shows no such notice given.

Again, by section 22 of the Practice act (*Gen. Stat., p.* 2536) it is declared "that in any action by a husband and his wife for an injury done to the wife, in respect of which she is necessarily joined as co-plaintiff, it shall be lawful for the husband to add thereto claims in his own right arising *ex delicto,* and separate actions brought in respect to such claims may by order of the court be consolidated." This, of course, plainly authorizes the combination in one action of claims for injuries to the person of the wife with injuries personal to the husband arising *ex delicto.* I see no reason why there may not be joined in the same action claims arising *ex delicto* in the joint right of husband and wife, with respect to real estate held by them either as joint tenants or as tenants by the entirety. At least, if the objection depends merely upon the misjoinder of parties, it is waived unless timely notice be given under section 37.

The failure to give notice under section 37, however, has merely the effect of waiving formal objections and does not deprive the defendants of any substantial right. If there were any substantial reason for denying the right to recover in this action for any of the several kinds of damage particu-

larized in the declaration, the defendants were entitled to have the recovery properly limited by the trial judge, although no notice of misjoinder had been given. *Brown* v. *Fitch,* 4 *Vroom* 418; *Stone* v. *West Jersey Ice Co.,* 36 *Id.* 20.

Upon an examination of the declaration it will be observed that it charges the defendants with the commission of but a single legal wrong, to wit, the overflowing of the plaintiffs' land with water negligently permitted to escape from the defendants' embankment. In averring the damage necessary to constitute a cause of action, several kinds of damage are specified, which the defendants now assert are incongruous one with another, so that they cannot be recovered in a single action to which both husband and wife are parties. The vice complained of amounts at most only to duplicity; and this, at common law, could be objected only by special demurrer (1 *Chit. Pl.* (13th Am. from 6th London ed.) 228), and under our practice can be availed of only by a motion to strike out. *Gen. Stat., p.* 2557, § 139; *Id., p.* 2555, § 132; *Id., p.* 29, § 12; *Jackson* v. *Pennsylvania Railroad Co.,* 37 *Vroom* 319, and cases cited. The irregularity is cured by a general verdict. In 1 *Chit. Pl.* 682, it is said: "Where several causes of action have been stated in one count, one of which is sustainable, but the others not, if there be a verdict for the plaintiff with general damages upon the whole count, such verdict will be sustained by the intendment and presumption that the judge duly directed the jury not to find damages upon the defective allegation. But if a declaration contain several counts, any of which is wholly defective, and general damages upon the whole declaration be given, the judgment would be arrested or reversed on error."

The second defect suggested in the language quoted from Chitty is cured by section 186 of our Practice act (*Gen. Stat., p.* 2563), which enacts "that where there are in a declaration several counts, some of which are faulty or bad, and others not, and entire damages are given, the verdict shall be good; but the defendant may apply to the court to instruct the jury to disregard such faulty or bad counts."

Where the misjoinder of causes of action is in a single count the defendant has the right (without section 186) to apply to the court to instruct the jury to disregard the bad or faulty matter; and the presumption after verdict is that such instruction was asked for and given.

To the contrary the plaintiff in error cites to us an opinion delivered in this court by the late Chief Justice Hornblower in *Farwell* v. *Smith,* 1 *Harr.* 133, 137, and what was said *obiter* by the same distinguished jurist in the later case of *Potts* v. *Clarke, Spenc.* 536, in vindication of his opinion in Farwell *v.* Smith. Without spending time in detailed criticism of the views there expressed, it is sufficient to say that they stand in conflict with repeated subsequent decisions, notably *Hendrickson* v. *Pennsylvania Railroad Co.,* 14 *Vroom* 464. In that case this court distinctly held that when in a count in a declaration special damages are laid, some grounds of which are good and some bad, a general demurrer to the entire count will not be sustained. The late Chief Justice Beasley, who delivered the opinion, mentioned that the same principle is applied in an action of covenant where there are several breaches assigned, some well and others ill, and the demurrer is general; in such cases the plaintiff will prevail. At the last term of this court we had to deal with a demurrer to a declaration founded upon a bond with condition containing several requirements, of which several breaches were assigned. Some of the requirements of the bond being attacked as invalid, this court overruled the demurrer on the ground that one at least of the breaches assigned related to a valid requirement. *Mayor, &c., of Carlstadt* v. *City Trust Co., ante p.* 44.

Thus far we have dealt with the present case as if the declaration did in fact demand damages both for the sickness of Mrs. Karnuff and also for the sickness of her husband. If such were the fact, the giving of a verdict and judgment for a single sum as the "damages of the said plaintiffs" would raise the presumption that the trial judge did not permit the jury to include damages which the husband alone was entitled to claim.

But although the averments of special damage in the declaration include some that are recoverable by the husband and wife, and others that are recoverable by the husband only, the declaration in its conclusion claims only the "damage of the said plaintiffs." The record shows that the jury assessed only the "damages of plaintiffs," and that in the judgment the plaintiffs recovered only "their said damages." In *Weber v. Morris and Essex Railroad Co.,* 6 *Vroom* 409, 414, where the declaration set forth a sufficient cause of action, but the *ad damnum* clause was defective in averring that the damages there specified had accrued to a third party, it was said by Mr. Justice Van Syckel that the purpose of the *ad damnum* clause is "to give notice to the defendant of the extent of the plaintiff's claim, and where there is an entire absence of such conclusion, it may be treated as a notice to the defendant that nominal damages only will be insisted upon." The *ad damnum* clause was thus treated as limiting the scope and extent of the plaintiff's claim, with respect to his title to the special damages laid in the declaration. A decision more closely in point with the present case, and one that controls us is that of the Court of Errors and Appeals in *Consolidated Traction Co.* v. *Whelan,* 31 *Vroom* 154. There, as here, the assignments of error were made upon the record, there being no bill of exceptions. The declaration (which contained but a single count) was for an injury done to the wife by the negligence of the defendant, and the husband had added claims in his own right arising out of that injury, under the provisions of section 22 of the Practice act. There, as here, the *ad damnum* clause in the declaration claimed only the "damages of the plaintiffs." The verdict assessed the damages of both plaintiffs in a single sum, and the judgment was that the plaintiffs recover of the defendant "their said damages." The court held that as the declaration had demanded damages only upon the joint claim, the effect of the verdict and judgment was to give damages only for such causes of action as had accrued to the plaintiffs jointly.

The present demurrer must therefore be overruled.