FRIEDA KARNUFF ET AL., DEFENDANTS IN ERROR, v. WILLIAM KELCH ET AL., PLAINTIFFS IN ERROR.

Argued November 18, 1904—Decided March 6, 1905.

1. After verdict, it must be assumed, in the absence of legal evidence to the contrary, that all claims made in the declaration for consequential damages which are not legally recoverable, were disallowed at the trial.
2. A matter of fact which is improperly assigned for error is not confessed by the common joinder in error.
3. If an assignment of error in fact does not conclude with a verification, the assignment is improper.
4. If a matter of fact assigned for error contradicts the record, the assignment is improper.

On error to the Middlesex Circuit.

For the plaintiffs in error, *Theodore B. Booraem.*

For the defendants in error, *Alan H. Strong.*

The opinion of the court was delivered by

DIXON, J. This suit was instituted in the Middlesex Circuit, and the declaration avers that the plaintiffs, being husband and wife, were seized and possessed of a certain tract of land in Middlesex county (describing it) ; that the defendants constructed an embankment on their own land in the rear of the plaintiffs' land, but so negligently and unskillfully constructed it that the water percolated through it and overflowed the plaintiffs' land, thereby polluting their well and preventing them from cultivating their land, and by reason of said water lying stagnant upon their land the plaintiffs became sick and were forced to spend money for their cure, to the damage of said plaintiffs $2,000. On a plea of not guilty a verdict was rendered finding the defendants guilty and assessing the damages of the plaintiffs at the sum of $300, whereupon a judgment was entered that the plaintiffs recover against the defendants that sum and costs. Upon this judgment a writ of error was sued out of the Supreme Court by the defendants, who assigned for error that by the judgment the plaintiffs recovered damages for their sickness, for which damages were not legally recoverable in a joint action. To this assignment the plaintiffs pleaded the common joinder in error. The Supreme Court affirmed the judgment, and the defendants have now brought the same into this court and have assigned like errors.

The point presented is purely technical, for in reason it ought to be assumed that at the trial, since no exceptions appear to have been taken to the rulings of the court, the jury were instructed to allow no damages which were not legally recoverable in the suit. Nevertheless, the point must be duly considered.

It was a rule of the common law that, in a civil action, if the declaration contained several counts, one of which was wholly defective, and general damages were given on the whole declaration, judgment thereon would be arrested or reversed on error. 1 *Ch. Pl.* 682. Of this, Lord Mansfield said, in *Peake* v. *Oldham, Cowp.* 275: "It has always struck

me that the rule would have been much more proper to have said that, if there is one count to support the verdict, it shall stand good, notwithstanding all the rest are bad. In criminal cases the rule is so, and one cannot therefore but lament that the reverse is adopted for civil cases: because it is, as it were, catching justice in a net of form."

The rule thus deprecated was annulled by statute in this state a century ago. *Pat. L., p.* 259, § 21.

In *Farwell* v. *Smith,* 1 *Harr.* 133, the spirit of the rule was, notwithstanding the statute, carried a step further, by the determination that, if in a single count the plaintiff complains of several acts or omissions of the defendant as being actionable and obtains a general verdict for entire damages on that count, then judgment on such verdict must be arrested in case one of those acts or omissions appears by the declaration to be not actionable.

But the doctrine, even thus extended, does not reach the present case, and we are referred to no authority which would lead to reversal of the judgment under circumstances now before us. Here the declaration sets forth but a single tort, the flooding of the plaintiffs' land because of the defendants' negligence. The sickness of the plaintiffs is not alleged as part of the defendants' misconduct, but only as a special damage resulting therefrom. If in law compensation for such special damage is not recoverable on this declaration, that constitutes no ground of objection to the pleading, either by general demurrer (*Hendrickson* v. *Pennsylvania Railroad Co.,* 14 *Vroom* 464) or by special demurrer (*Amory* v. *Brodrick,* 5 *B. & Ald.* 712). The decision in *Harwood* ads. *Tompkins,* 4 *Zab.* 425, is not opposed to these cases, for there the clause which was demurred to was essential to the tort alleged.

We think that after verdict it must be assumed, in the absence of legal evidence to the contrary, that all claims for consequential damages not legally recoverable were disallowed at the trial.

But it is insisted that the pleadings on error in this case

afford the necessary evidence to the contrary; that the assignments having alleged as a fact that damages for the sickness of the plaintiffs were recovered in the judgment, and the plaintiffs having pleaded *in nullo est erratum,* the fact stands confessed.

This position cannot be maintained. In the first place, it seems that errors in fact cannot be assigned in this court. They could not be assigned in the Exchequer Chamber or the House of Lords (*Arch. Prac.* 480; *Castledine* v. *Mundy,* 4 *B. & Ald.* 49), and this court is in the main analogous to those tribunals. *Harris* v. *Vanderveer's Executor,* 6 *C. E. Gr.* 424, 437. But in the next place, the plea *in nullo est erratum* confesses only the facts which are properly assigned, and a proper assignment of error in fact should conclude with a verification, and must not contradict the record. *Tidd Prac.* 1107 *et seq.;* 2 *Saund.* 101r *et seq.; Arch. Prac.* 501. In the present assignment there is no verification. The fact alleged for error is also contradicted by the record, for the declaration demands only the damages of the plaintiffs, the verdict assesses only the damages of the plaintiffs and the judgment is that the plaintiffs recover their said damages. Such a record imports only the damages to which the plaintiffs are jointly entitled and excludes all claims that belong to but one of the plaintiffs. *Consolidated Traction Co.* v. *Whelan,* 31 *Vroom* 154. Even if the plea technically confessed the fact, the court would not be precluded from looking into the record, *ex-officio,* to ascertain the truth. *Tidd Prac.* 1119.

Our conclusion is that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 9.

*For reversal*—None.