## STRATTON v. ESSEX COUNTY PARK COMMISSION.

(Circuit Court, D. New Jersey. May 12, 1906.)

JUDGMENT—RES JUDICATA—DECREE DISMISSING BILL—EXTRINSIC EVIDENCE.

When, by the decree in a suit in equity, the bill is dismissed without reserving to the complainant the right to institute other proceedings, the dismissal is presumed to have been on the merits; but this presumption may be overcome by parol or other extrinsic evidence, when the decree is set up in bar of a subsequent suit, and does not show the grounds of the dismissal.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1031, 1824.]

At Law. On demurrer to replication.

Kellogg & Rose, for plaintiff.

Collins & Corbin, for defendant.

LANNING, District Judge. This is an action at law to recover the balance alleged to be due on a contract. By the first plea the defendant sets up in bar of the action a decree of the Court of Chancery of New Jersey dismissing the bill of complaint filed in that case. The plea sets out quite fully the substance of the bill of complaint, the answer thereto, and the replication, and further states that:

"The said cause came on to be heard upon pleadings and proofs in the said Court of Chancery and on the 9th day of March, nineteen hundred and four, the cause having been duly heard and testimony having been taken, the said bill of complaint was, by the decree of the chancellor in the said Court of Chancery, on application of the said plaintiff as complainant. ordered to be, and the same was thereby, dismissed with costs to the said defendant."

The plea further shows that the plaintiff in this case was the complainant there, that the defendant here was the defendant there, and that the subject-matter of the chancery suit was the same as the subject-matter of this action. The plea was demurred to, and on a former hearing the demurrer was overruled on the ground that, as the decree in the Court of Chancery did not show that the bill was dismissed "without prejudice," and did not in any wise reserve to the complainant therein the right to institute other proceedings, it was, in the then state of the pleadings, necessarily presumed to have been a disposition of the case on its merits. Leave was given to the plaintiff, however, to withdraw his demurrer and to file a replication. That has now been done. The replication avers that the cause in chancery was "voluntarily withdrawn" by the complainant, that "the judgment entered therein was one of nonsuit simply, and not a judgment upon the merits of the matters in controversy," that the Court of Chancery "did not pronounce any judgment against the said complainant upon any matter in issue," and that the. Court of Chancery was without jurisdiction to try the merits of the cause "which was cognizable only in a court of law, and not in a court of equity, and for which reason solely the complaint was dismissed." To this replication the defendant has now demurred, and the present hearing is on this demurrer.

The case is very different from what it was on the former hearing. It is true that, when by the decree in a suit in equity the bill is dismissed without in any wise reserving to the complainant the right to institute other proceedings, the dismissal is presumed to have been on the merits. But I think this presumption can be overcome by parol evidence. In Baker v. Cummings, 181 U. S. 117, 21 Sup. Ct. 578, 45 L. Ed. 776, a case in which the plaintiff by replication set up as a bar to the defendant's set-off a decree in equity dismissing a former bill between the same parties and concerning the same subject-matter without reserving to the complainant the right to commence other proceedings, the Supreme Court examined not only the record of the equity case, but the opinion of the court rendered therein in order to determine on what ground the bill was in fact dismissed. It is true that in that case the court assumed that it might look at the opinion to ascertain the ground of dismissal without deciding the question of its right to do so. But it seems to me that, where a bill in equity is dismissed by a decree, without setting forth the grounds upon which the dismissal was made, those grounds may be ascertained in a subsequent suit between the same parties upon the same subject-matter, provided the party who insists that the decree was not a disposition of the case on its merits raises that issue by proper pleadings. See, also, National Foundry v. Oconto Water Supply Company, 183 U. S. 216, 234, 22 Sup. Ct. 111, 46 L. Ed. 157; United States v. Norfolk & Western Railway Company (C. C.) 114 Fed., 682, 686; and Clark v. Bernhard Mattress Company (C. C.) 82 Fed. 339.

Without considering the other questions presented on the argument, the conclusion is that the demurrer must be overruled.