LATHAM v. STATEN ISLAND RY. CO. et al.

(Circuit Court, D. New Jersey. January 31, 1907.)

1. **RAILROADS—CROSSINGS—FLAGMEN—FAILURE TO MAINTAIN—NEGLIGENCE.**

    The duty of a railroad company to maintain a flagman at a highway crossing cannot be inferred alone from the fact that it runs trains over the crossing at a high rate of speed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 972–980.]

2. **PLEADING—DEMURRER.**

    A general demurrer to an entire count of a declaration cannot be sustained because of a single invalid averment, where there are sufficient other allegations in the count to state a cause of action.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 487.]

3. **SAME—MOTION TO STRIKE.**

    An invalid averment in a count in a declaration can be removed from the record only by a motion to strike it out.

At Law. On demurrer to second count of declaration.

George S. Silzer, for plaintiff.

E. Q. Keasbey, for defendants.

LANNING, District Judge. Each of the defendants has demurred to the second count of the plaintiff's declaration, alleging as a ground of demurrer that the count fails to set forth any duty owing from the defendants, or either of them, to the plaintiff. The plaintiff avers that by reason of the running of a locomotive engine on the defendants' railroad across a public highway at a high rate of speed, and by reason "of the obstruction to view erected and also permitted by said defendants," the highway crossing, over which the plaintiff was passing at the time he was run into and injured by the defendants' locomotive engine, had become and was "dangerous to life and limb," and that "it thereby became and was the duty of the said defendants to keep a flagman at said crossing,  *  *  *  or to cause a whistle to be blown or a bell to be rung to announce the approach of said locomotive engine to said public crossing." Another averment is that, having assumed to give notice of approaching trains by placing a stationary bell at the crossing, it was the duty of the defendants to use due care in the operation of the bell and to keep it in proper condition for use. The breaches alleged are that the defendants did not keep a flagman at the crossing, did not cause a whistle to be blown or a bell to be rung to announce the approach of the locomotive engine, did not keep the stationary bell in proper condition for use, did not give warning of the approach of the engine, and that the engine was negligently driven upon the crossing, without warning, striking and injuring the plaintiff.

The accident happened in the state of New York. The count demurred to makes no reference to any statutory duty concerning notices or warnings required by the laws of that state to be given when railroad trains approach highway crossings. The duty to keep a flagman at the crossing, or to ring a bell or blow a whistle, is based by the count demurred to, not on any statutory requirement, but simply on the allegation that the engine was driven over the crossing at a high

rate of speed, and the further allegation that there was an "obstruction to view erected and also permitted by said defendants." If the plaintiff's view of the railroad was obstructed by a building erected by the defendants, it may be that, if the fact were properly pleaded, the jury should be allowed to determine whether the defendants' failure to keep a flagman at the crossing was an omission of duty amounting to negligence. Pennsylvania R. R. Co. v. Matthews, 36 N. J. Law, 531; New York, etc., R. R. Co. v. Leaman, 54 N. J. Law, 202, 23 Atl. 691, 15 L. R. A. 426; Philadelphia & Reading R. R. Co. v. State, 61 N. J. Law, 71, 38 Atl. 820; Siracusa v. Atlantic City R. R. Co., 68 N. J. Law, 446, 53 Atl. 547; Richardson v. N. Y. Central R. R. Co., 45 N. Y. 848. But the nature of the "obstruction" is not described, nor is it even averred that it cut off the view of the plaintiff. The duty of maintaining a flagman at the crossing rests alone, therefore, on the averment that the engine was run over the crossing at a high rate of speed. Such a duty cannot be inferred from that fact alone.

The remaining averments of the second count, I think, are good. The demurrers are general, being to the whole of the count, as, indeed, they are required to be under the rule of practice established by the statute, which abolished special demurrers. The invalid averment can be removed from the record only by a motion to strike it out. Peter v. Middlesex & Somerset Traction Co., 69 N. J. Law, 456, 55 Atl. 35; Karnuff v. Kelch, 69 N. J. Law, 499, 55 Atl. 163; Id., 71 N. J. Law, 558, 60 Atl. 364. Following these authorities, as I understand them, I conclude that the demurrers must be overruled.

Let an order be entered overruling the demurrers and allowing the defendants 20 days within which to plead.