## SMYTHE v. INHABITANTS OF NEW PROVIDENCE TP.

(Circuit Court, D. New Jersey. December 26, 1907.)

1. BONDS—ACTIONS—PLEADING—ALLEGATIONS AS TO SEAL—TOWNSHIP RAILROAD AID BONDS.

Where a declaration on certain railroad aid bonds of a township alleged that the bonds were made by and under the hands and seals of the commissioners of the township, the declaration was not demurrable, in that it appeared thereby that the bonds were not sealed, as directed by the act authorizing them, though the declaration also averred that, when suit was brought, there was no formal seal or scroll on the bonds, but that they contained a recital that the commissioners had set their hands and seals thereon on a specified date, and that the township might not have had a seal, and that the individual seals of the commissioners would have had no legal efficacy, etc.

2. TOWNS—BONDS—EXECUTION—SEALS—AID TO RAILROADS.

Act N. J. April 9, 1868 (P. L. p. 915), authorizing the issuance of township bonds in aid of a railroad company, and providing that township commissioners should execute the bonds "under their hands and seals respectively," did not require that the bonds be sealed with the corporate seal of the township.

3. BONDS—ACTIONS—PLEADING—ALLEGATIONS AS TO SEAL—TOWNSHIP BONDS.

An averment in a declaration on certain railroad aid bonds, executed by township commissioners, that the individual seals of the commissioners would have had no legal efficacy, was the expression of a legal conclusion, and not the averment of a fact, and therefore did not destroy the effect of a previous allegation that the bonds were executed by and under the hands and seals of the commissioners.

4. PLEADING—DECLARATION—DUPLICITY—MODE OF MAKING OBJECTION.

An objection to a declaration for duplicity should be taken by motion to strike out, and not by a general demurrer.

At Law. On demurrer to declaration.

Edmund Wilson and Isaac P. Runyon, for plaintiff.

McCarter & English, for defendant.

LANNING, District Judge. The demurrer presents the question whether the averments of the plaintiff's declaration are sufficient to show the liability of the defendant upon five certain instruments described in the declaration. The averments are that the five instruments were made as directed by the provisions of the act of the Legislature of New Jersey entitled "An act to authorize certain towns in the counties of Somerset, Morris, Essex, and Union to issue bonds and take stock in the Passaic Valley and Peapack Railroad Company," approved April 9, 1868 (P. L. p. 915). That act, in its first section, authorized the circuit court of any county in which a township proposing to issue bonds under the act should be situated to appoint "not more than three freeholders, residents of such township, to be commissioners for such township to carry into effect the purposes and provisions" of the act. The second section provided:

"That it shall be lawful for said commissioners to borrow on the faith and credit of their respective townships such sum of money, not exceeding ten per centum of the valuation of the real estate and landed property of such township to be ascertained by the assessment rolls thereof respectively for the year eighteen hundred and sixty-seven, for a term not exceeding twenty-five years, at a rate of interest not exceeding seven per centum per annum, payable semiannually, and to execute bonds therefor under their hands and seals respectively," etc.

Concerning one of the five instruments sued on the declaration contains the following averments:

"And whereas, also, the said defendant, on the said first day of January, eighteen hundred and sixty-nine, in the county of Union aforesaid, by and under the hands and seals of the said Jonathan Bonnell, Jarvis Johnson and John Littell, commissioners of said township, duly appointed and sworn, as directed by the provisions of the said act of the Legislature of New Jersey, entitled 'An act to authorize certain towns in the counties of Somerset, Morris, Essex and Union, to issue bonds and take stock in the Passaic Valley and Peapack Railroad Company,' approved April 9, 1868, did then and there make their certain other bond, bearing date the same day and year last mentioned, numbered ninety-four * * * and said bond signed and sealed as aforesaid, is shown to the court here," etc.

There are similar averments concerning each of the other four instrument sued on.

The causes of demurrer are all based on the objection that it appears by the declaration that the instruments sued on are not sealed,

and therefore that they are not such instruments as the commissioners were authorized to issue. Put in the language of the defendant's counsel, the objection is that the "defendant interposes a demurrer on the ground that it appears from the plaintiff's declaration that the requirements of the said act of the Legislature authorizing the issue of the township bonds have not been complied with, and that the alleged bonds declared on, not being sealed instruments, are not in fact bonds, and are invalid under the said act." Evidently the defendant has misconceived the purport of the declaration. The plaintiff has declared in express terms that the bonds were made "by and under the hands and seals of the said Jonathan Bonnell, Jarvis Johnson, and John Littell, commissioners of said township." Inasmuch as the averments above quoted from the declaration must, on the hearing upon this demurrer, be assumed to be true, it appears at present that the bonds are sealed.

The defendant was probably induced to file a demurrer, and to allege as its ground the absence of seals on the bonds, by the following averments of the declaration concerning each of the five instruments:

"The plaintiff avers: That at the present time there is no formal seal or scroll on said bond, although said bond contains the following recital: 'In testimony whereof, the undersigned, commissioners of the said township of New Providence, in the county of Union, to carry into effect the purposes and provisions of the said act, duly appointed, commissioned, and sworn, have hereunto set our hands and seals the first day of January, in the year of our Lord one thousand eight hundred and sixty-nine. [Signed] Jarvis Johnson, John Littell, Commissioners.' That the township of New Providence aforesaid might not have had a seal, and the individual seals of the commissioners would have had no legal efficacy. That the formal seal might have been affixed, as certified to by the commissioners aforesaid, and become detached since delivery of the bonds. In either event, the plaintiff avers the defendant is estopped from setting up any defense, by reason of the omission of the formal seal, by force of the recital in said bond to the effect that said bond was executed under the hands and seals of said commissioners of the said township of New Providence, in the county of Union, as hereinbefore set out, the plaintiff being a bona fide holder of said bond."

As to these last-mentioned averments, it may be said that the legislative act did not require the bonds to be sealed with the corporate seal of the township. It directed the commissioners to execute them "under their hands and seals respectively." The averment that "the township of New Providence aforesaid might not have had a seal" is therefore of no importance; for, if there were such a seal, the commissioners had no authority to use it. The averment that "the individual seals of the commissioners would have had no legal efficacy" is the expression of a legal conclusion, and not the averment of a fact. However irregular these last-mentioned averments may be, they do not destroy the effect of the other averments in which it is expressly alleged that the bonds were sealed. That the declaration is objectionable because of duplicity may be true; but duplicity must be objected to on a motion to strike out, and not by a general demurrer. Karnuff v. Kelch, 69 N. J. Law, 499, 55 Atl. 163; Peter v. Middlesex & Somerset Traction Co., 69 N. J. Law, 456, 55 Atl. 35; Hendrickson v. Pennsylvania R. R. Co., 43 N. J. Law, 464. On this point alone, therefore, the demurrer must be overruled.

In the argument before me, counsel on both sides assumed that the bonds were never sealed. In view of the averment in the declaration that they were sealed, and that they were sealed in the exact manner prescribed by the act, judgment on the demurrer cannot be founded on any such assumption. If the bonds were in fact never sealed, and such a defense shall hereafter be set up, the point may demand careful consideration. The present is not the time for the decision of that question.

The defendant may have leave to withdraw its demurrer and plead to the declaration within 20 days after service upon its attorney of a rule to that effect.