## STRATTON v. ESSEX COUNTY PARK COMMISSION.

(Circuit Court, D. New Jersey. November 6, 1908.)

1. JUDGMENT (§ 949*)—JUDGMENT AS BAR—PLEADING.
   Where a decree dismissing a bill does not disclose the ground of dismissal, the presumption is that it was on the merits; but such presumption is not conclusive, and, when such decree is pleaded in bar of a subsequent action, the plaintiff may by his replication plead facts showing that it was not in fact on the merits.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 949.*]

2. PLEADING (§ 355*)—REPLICATION—DUPLICITY.
   A replication, like a plea, must be single, and, while duplicity does not render it subject to demurrer, it does to a motion to strike out under the New Jersey practice.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 355.*]

3. PLEADING (§ 290*)—REPLICATION—CONCLUSION.
   A plaintiff cannot file a replication concluding with a verification to a plea which concludes to the country.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 290.*]

4. PLEADING (§ 180*) — CONDITIONS PRECEDENT—PLEADING WAIVER IN REPLICATION.
   The performance of all conditions precedent to a plaintiff's right of action, or a waiver of any or all of the same, must be pleaded in his declaration, and, where that alleges performance, plaintiff cannot, by a replication to a plea taking issue as to the performance of a specified condition, set up a waiver of the same.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 367; Dec. Dig. § 180.*]

At Law. Action on contract. On motion to strike out replications to pleas.

See, also, 145 Fed. 436.

Gilbert Collins, for the motion.

Albert C. Wall, opposed.

LANNING, District Judge. The plaintiff has brought this suit to recover an amount alleged to be due on a building contract. The defendant's first plea to the first count of the declaration is that the claim made by that count was adjudicated in a former suit between the same parties in the court of chancery of New Jersey. After setting forth the contents of the bill of complaint filed in the court of chancery by the plaintiff here, and the answer thereto filed in that court by the defendant here, the defendant avers, by his plea, that a general replication to the answer in the chancery suit was filed by the plaintiff herein, that the case came on to be heard in the court of chancery upon pleadings and proofs, and that:

"On the ninth day of March, 1904, the cause having been duly heard and testimony having been duly taken, the said bill of complaint was by the chancellor in the said court of chancery, on motion of the said plaintiff as complainant, ordered to be, and the same was thereby, dismissed with costs to the said defendant, as by the record and proceedings thereof still remaining in the said court of chancery at Trenton more fully and at large appears; which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said decree still remains in full force and effect, not in the least reversed, annulled, or in anywise made void."

The plea concludes with a verification by the record.

To this plea the plaintiff, at a former stage of the case, demurred. The demurrer was overruled because, under its admissions, the court was obliged to consider the decree set up in the plea, since it did not reserve to the complainant by any words of qualification, such as "without prejudice," or the like, the privilege of instituting other legal proceedings on the subject, as a dismissal of the bill on the merits of the cause. Leave was given to the plaintiff to withdraw his demurrer and file a replication. He subsequently filed a replication which contained, amongst other things, the averment that the court of chancery was without jurisdiction to try the merits of the cause, that the cause was cognizable only in a court of law, and that, for said "reason solely, the complaint was dismissed." In view of this averment in the replication, the defendant's demurrer to it was also overruled. Stratton v. Essex County Park Commission (C. C.) 145 Fed. 436. The plaintiff, nevertheless, subsequently applied for leave to amend his replication. Leave was granted, and an amended replication was filed. The defendant now moves to strike out the amended replication on the ground that it is irregular and defective, and so framed as to prejudice, embarrass, or delay a fair trial of the action.

The amended replication is not very different from the former one, but the fact that the former replication was allowed to stand on a demurrer to it does not dispose of the question as to whether the amended replication may stand on a motion to strike it out. Defects in a pleading that, in the old common-law practice, were objected to by special demurrer, are now, under the practice in New Jersey, to be objected to only by motion to strike out. The amended replication, in addition to declaring that "the sole reason for the dismissal of the said bill of complaint was that the action there depending was cognizable only in a court of law and not in a court of equity," avers that "to hold said decree a bar to the prosecution of this action would be to deprive this plaintiff of his property without due process of law, in violation of his constitutional rights secured to him by the fifth and fourteenth articles of the amendments to the Constitution of the United States." The latter of these averments is in the nature of a demurrer, and is not the pleading of any fact. The replication also declares that the bill of complaint in the court of chancery was "voluntarily withdrawn before a full investigation of the matters in issue was had by the said court of chancery," without averring what investigation the court of chancery did in fact make. It declares, further, that "the decree of the chancellor ordering that the said bill of complaint be dismissed was not a judgment or decree upon the merits of the matters in controversy in the said cause there pending in the court of chancery, or of the matters depending in this court," which is not the pleading of a fact but the expression of the opinion of the pleader. The decree set up in the plea does not appear to have been one in which the court of chancery declared that the complainant in that court had no right to any relief. It simply dismissed the bill, with costs. While the presumption is that the decree was one on the merits, it is not necessarily conclusive on that

point. If the plaintiff can prove, or thinks he can prove, that the chancellor declared that his decree dismissing the bill was granted because the complainant had an adequate remedy in a court of law and none in a court of equity, he may plead that fact by replication. In Brandlyn v. Ord, 1 Atk. 571, Lord Hardwicke said that where the defendant pleads a former suit he must show it was res judicata, or an absolute determination of the court that the plaintiff had no title. It was so held, also, in Rosse v. Rust, 4 Johns. Ch. (N. Y.) 300. In Badger v. Badger, Fed. Cas. No. 717 (1 Cliff. 237), there was an unqualified decree dismissing the complainant's bill in a former suit. The court allowed a replication to stand in which it was declared that the former bill was dismissed before hearing on the complainant's motion. In Clark v. Blair (C. C.) 14 Fed. 813, the defense of a former adjudication was raised. The record of the former suit showed an unqualified decree dismissing a bill, and the court said that, "where the record is silent, evidence is admissible to show what was actually litigated and determined in the former suit." In Keller v. Stolzenbach (C. C.) 20 Fed. 47, Judge Acheson said that where a decree in a former suit is pleaded in bar of a later suit the authorities all agree that, "in order to constitute the former judgment or decree a bar, it must appear that the point in issue was judicially determined after a hearing and upon consideration of the merits." The present action is for the recovery of moneys alleged to be due on a building contract. The question arises whether the court of chancery assumed jurisdiction of the former cause on some ground of equitable jurisdiction, as, perhaps, that of alleged fraud and the need of an accounting, and thereupon dismissed the bill on the merits, or whether it concluded that no equitable jurisdiction existed, and dismissed the bill on that ground. The plaintiff says the bill was dismissed for the latter reason. If so, there has been no adjudication on the merits, and the plaintiff should be permitted, since the decree is silent as to the reason for the dismissal, to file a proper replication tendering that issue. But the replication filed does not properly tender that issue. With the averment that "the sole reason for the dismissal of the said bill of complaint was that the action there depending was cognizable only in a court of law and not in a court of equity" are associated averments of what the court of chancery did not do, of conclusions of the pleader, and of matters of law. A replication, like a plea, must be single. Duplicity in a plea or replication is good on a demurrer, but not on a motion to strike out. Rice v. Standard Oil Co. (C. C.) 134 Fed. 464, 470; Latham v. Staten Island Railway Co. (C. C.) 150 Fed. 235. The motion to strike out the replication must therefore be granted.

The plaintiff has also filed a replication to the fourth plea of the defendant to the first count of the declaration, and the defendant moves to strike out that replication. By the first count, the plaintiff, after setting forth the provisions of the contract dated March 15, 1899, which was entered into by Hanfield & Stratton, of the one part, and the defendant in this suit, of the other part, and the assignment by Hanfield & Stratton on September 19, 1899, of all their interest in the contract to the plaintiff in this suit, makes this averment:

"And the said plaintiff avers that, after the making of the said agreement first above mentioned, the said Hanfield & Stratton entered upon the performance of the same according to the true intent and meaning thereof, and have always performed and fulfilled the same and all the conditions thereof until the time of the assignment thereof to the said plaintiff, and, since the time of said assignment to the said plaintiff, the said plaintiff has always in all things well and truly performed and fulfilled all the conditions precedent to be performed on the part of his assignors and on his part."

The plaintiff also avers by that count that a copy of the contract of March 15, 1899, is annexed to the declaration and made a part thereof. By reference to the last paragraph of the contract we find that the agreement was that the contractor "shall not be entitled to payment or receive payment for any portion of the aforesaid work or materials until the same shall be fully completed in the manner set forth in this agreement, and each and every one of the stipulations hereinbefore mentioned are complied with, and such completion duly certified by the engineer of said commission, whereupon the party of the first part (that is, the defendant) shall, within thirty days from the time of the completion and acceptance of the work, pay to the party of the second part (that is, the plaintiff) the whole of the moneys accruing under this agreement excepting such sum or sums as may be lawfully retained under any of the provisions hereinbefore contained for that purpose." The defendant's fourth plea avers "that the condition precedent to recovery in this action of a final certificate of the engineer of this defendant, as provided for in the agreement of March 15, 1899, set forth in said court, has not been complied with, and of this the said defendant puts itself upon the country," etc.

Section 118 of the New Jersey Practice Act (Acts April 14, 1903 [P. L. p. 570]) provides that:

"Either party to an action may aver the performance of conditions precedent generally; and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition precedent, the performance of which he intends to contest."

It will be observed that the plaintiff has averred, by the first count of his declaration, not the performance of all conditions precedent to his right of recovery, but only of those conditions precedent which he and his assignors were bound to perform. Section 118 of the New Jersey practice act authorizes a plaintiff to aver generally the performance of all conditions precedent to his right of recovery, by whomsoever those conditions are to be performed. Dimick v. Metropolitan Life Ins. Co., 67 N. J. Law, 373, 374, 51 Atl. 692. When such an averment is made, a plea that specifically denies the performance of one of those conditions properly concludes to the country. Dewees v. Manhattan Ins. Co., 34 N. J. Law, 253. Notwithstanding the defendant's fourth plea concludes to the country, the plaintiff has filed a replication to it by which he avers that the performance of the condition mentioned in the plea was waived by the defendant, and he concludes his replication with a verification. Of course, such a replication is irregular. A plaintiff cannot file a replication, concluding with a verification, to a plea concluding to the country. Besides, if a defendant waives the performance of a condition precedent, that fact should be averred

in the declaration. A plaintiff cannot be allowed to aver in his declaration the full performance of conditions precedent, and then, when confronted with a special plea that a particular condition precedent has not been performed, reply by saying that the performance of that particular condition was waived. The replication to the fourth plea must therefore be stricken out as irregular and defective.

But I cannot dismiss this branch of the case without calling attention to the fact that the plaintiff has not averred the performance of the condition which the defendant's fourth plea denies. That plea denies that the provision of the contract that the engineer should give a certificate that the work had been completed according to the terms of the contract was complied with. By the contract it appears that the engineer was not the engineer of the plaintiff, but of the defendant. The plea itself so declares. The giving of the certificate, therefore, was not an act to be performed by the plaintiff or any of his agents. It follows that, as the plaintiff has averred the performance of those conditions only which he and his assignors were bound to perform, and as the plea does not deny the performance of any such condition, but sets up new matter, the plea improperly concludes to the country. There is therefore an irregularity in the pleadings that reaches back of the replication. Although this irregularity cannot be dealt with on the present motion, it is suggested to the counsel for their consideration to the end that the pleadings may be put into proper shape for trial of the action.